PATRICIA ERVIN CALDWELL, WIDOW; PATRICIA ERVIN CALD-
WELL, NEXT FRIEND OF TONI MICHELLE CALDWELL AND TIFF-
NEY RENEE CALDWELL, MINORS OF ERVIN LEE CALDWELL,
DECEASED EMPLOYEE v. MARSH REALTY COMPANY, EMPLOYER;
AND THE ST. PAUL COMPANIES, CARRIER

No. 7622IC754

(Filed 6 April 1977)

**Master and Servant § 79— workmen's compensation — death benefits —
dependent children under 18**

   The 1973 amendment of G.S. 97-38 provides for the continuation
of compensation death benefits after 400 weeks to all dependent chil-
dren until such children reach the age of 18 years and does not
require the existence of a disabled, unmarried widow or widower
before dependent children under the age of 18 years may continue to
receive compensation beyond the 400 weeks.

APPEAL by defendants from the opinion and award of the
North Carolina Industrial Commission filed 12 July 1976. Heard
in the Court of Appeals 16 February 1977.

   Ervin Lee Caldwell died on 1 October 1975 as a result of an
accident on the job on that day. At the original hearing before
Chief Deputy Commissioner Shuford, it was stipulated that the
parties were subject to the Workmen's Compensation Act; that
the deceased was an employee of defendant employer; that de-
fendant carrier was the carrier on the risk; that deceased em-
ployee's average weekly wage was $120.00; and that the only
question for determination is to whom compensation benefits
should be paid.

   The deceased separated from his former wife on 3 July
1975. They executed a separation agreement, and the former
wife makes no claim for compensation. Deceased was survived
by no dependents other than two children born of his former
marriage; namely, Toni Michelle Caldwell, born 9 April 1971,
and Tiffney Renee Caldwell, born 24 June 1973.

   On 14 April 1976 Chief Deputy Commissioner Shuford filed
an opinion and award which provided, *inter alia*, that defend-
ants pay compensation at the rate of $80.00 per week for a
period of 400 weeks to the duly appointed, qualified, and acting
guardians for Toni Michelle Caldwell and Tiffney Renee Cald-
well, share and share alike. Neither party appealed from this
award.

On 4 May 1976 an order was entered by Chief Deputy Commissioner Shuford which amended the total amount of compensation payable by providing that $40.00 per week be paid to each child until such child reaches the age of 18 years, even though such payments exceed a total of 400 weeks. At the time the amended order was entered, Toni Michelle was approximately five years and one month of age, and Tiffney Renee was approximately two years and ten months of age.

Defendants appealed to the Full Commission from the entry of the amended order on 4 May 1976. By an opinion and award filed 12 July 1976, the Full Commission adopted as its own the opinion and award filed by Chief Deputy Commissioner Shuford on 14 April 1976 as amended by him on 4 May 1976, and affirmed the results reached by the Chief Deputy Commissioner.

Defendants appealed to the Court of Appeals.

*Pope, Brawley, Doughton and Fields, by Richard L. Doughton, for the plaintiffs.*

*Hedrick, Parham, Helms, Kellam & Feerick, by Hatcher B. Kincheloe, Jr., and Richard T. Feerick, for the defendants.*

BROCK, Chief Judge.

The amended order entered on 4 May 1976 by Chief Deputy Commissioner Shuford was obviously prompted by a recent amendment to G.S. 97-38. The interpretation of this recent amendment to G.S. 97-38 is the subject of this appeal.

Prior to the amendment, the second paragraph of G.S. 97-38 read as follows:

"When weekly payments have been made to an injured employee before his death, the compensation to dependents shall begin from the date of the last of such payments, but shall not continue more than 350 weeks from the date of the injury."

By Session Laws—1973 (Second Session 1974), Chapter 1308, Sec. 4., a period was inserted after the words "of such payments." The comma and the words "but shall not continue more than 350 weeks from the date of the injury" were stricken, and the following new sentence was inserted in lieu thereof:

"Compensation payments due on account of death shall be paid for a period of 400 weeks from the date of the death

of the employee; provided, however, after said 400-week period in case of a widow or widower who is unable to support herself or himself because of physical or mental disability as of the date of death of the employee, compensation payments shall continue during her or his lifetime or until remarriage and compensation payments due a dependent child shall be continued until such child reaches the age of 18."

By Sec. 8. of the same Chapter 1308 the act was made effective on 1 July 1975, applicable to cases arising on or after 1 July 1975. The employee's injury and death in this case occurred on 1 October 1975. Therefore, the amendment is applicable in this case.

Plaintiffs argue that the above-cited portion of G.S. 97-38 should be read to provide for continuation of compensation death benefits after said 400 weeks to a widow or widower who is under a mental or physical disability as of the date of death of the employee for as long as the widow or widower lives or until he or she remarries, *and also to provide* for continuation of compensation death benefits after said 400 weeks to a dependent child until such child reaches the age of 18 years.

Defendants argue that the above-cited portion of G.S. 97-38 should be read to provide for compensation death benefits after said 400 weeks to a widow or widower who is under a mental or physical disability as of the date of death of the employee for as long as the widow or widower lives or until he or she remarries, *and in such case* (the existence of a disabled, unremarried widow or widower) to provide for continuation of compensation death benefits after said 400 weeks to a dependent child until such child reaches the age of 18 years.

There is no quarrel between plaintiffs and defendants upon the question of the right of the disabled, unremarried widow or widower to continue receiving compensation beyond the 400 weeks. They quarrel only upon the question of how the statute should be applied to dependent children. Plaintiffs argue that all dependent children are entitled to continue receiving compensation payments after the 400 weeks if they have not reached their 18th birthday prior to the expiration of the 400 weeks. Defendants argue that dependent children are not entitled to continue receiving compensation payments beyond the 400 weeks unless there is a disabled, unremarried widow or widower and

Caldwell v. Realty Co.

the dependent child is under the age of 18 years. In other words defendants insist that the word "and" appearing near the end of the above-quoted paragraph requires the existence of a disabled, unremarried widow or widower before a dependent child under the age of 18 years may continue to receive compensation beyond the 400 weeks.

Admittedly the wording and punctuation of the amendment cause some difficulty. As a result, we have closely followed the legislative history of the amendment to arrive at the true intent of the Legislature.

The amendment in question was first introduced in the Senate on 21 February 1974 as Section 4. of Senate Bill 1229. As first introduced, it read as follows:

"G.S. 97-38 is hereby amended by striking out ', but shall not continue more than 350 weeks from the date of the injury.' as the same appears in lines 43 and 44 of such section and by inserting in lieu thereof a period and a new sentence as follows: 'Compensation payments due on account of a death shall be paid to a widow or widower during her or his lifetime or until remarriage, and in the event of remarriage compensation benefits which would have been due for the next two years shall be commuted to its present value and paid to such widow or widower in a lump sum; compensation payments for a dependent child shall be continued at least until such child reaches the age of 18 and beyond such age if actually dependent; provided, however, that compensation benefits to any other person or persons shall be limited to a period of 350 weeks from the date of the death of the employee.'"

The Bill was referred to the Senate Committee on Manufacturing, Labor and Commerce. Section 4. of the Bill was amended in committee by rewriting the same and, as amended, was reported favorably. As amended in committee, Section 4. of Senate Bill 1229 read as follows:

"G.S. 97-38 is hereby amended by striking out ', but shall not continue more than 350 weeks from the date of the injury.' as the same appears in lines 43 and 44 of such section and by inserting in lieu thereof a period and a new sentence as follows: 'Compensation payments due on account of death shall be paid for a period of 400 weeks from

the date of the death of the employee; provided, however, after said 400 week period in case of a widow or widower who is unable to support herself or himself because of physical or mental disability, compensation payments shall continue during her or his lifetime or until remarriage and compensation payments due a dependent child shall be continued until such child reaches the age of 18 and beyond such age for such additional time as said child is unable to support herself or himself because of physical or mental disability.' "

On 14 March 1974 Section 4. of Senate Bill 1229 was amended on the floor of the Senate by rewriting the same and, as amended, was passed and sent to the House. As amended on the floor of the Senate, Section 4. of Senate Bill 1229 read as follows:

"G.S. 97-38. is hereby amended by striking out ', but shall not continue more than 350 weeks from the date of the injury.' as the same appears in lines 43 and 44 of such section and by inserting in lieu thereof a period and a new sentence as follows: 'Compensation payments due on account of death shall be paid for a period of 400 weeks from the date of the death of the employee; provided, however, after said 400 week period in case of a widow or widower who is unable to support herself or himself because of physical or mental disability as of the date of death of the employee, compensation payments shall continue during her or his lifetime or until remarriage and compensation payments due a dependent child shall be continued until such child reaches the age of 18 and beyond such age for such additional time as said child is unable to support herself or himself because of physical or mental disability.' "

In the House Section 4. of Senate Bill 1229 was amended in committee by rewriting the same and, as amended, was passed in the House on 11 April 1974. As amended and passed in the House, Section 4. of Senate Bill 1229 read as follows:

"G.S. 97-38 is hereby amended by striking out ', but shall not continue more than 350 weeks from the date of the injury.' as the same appears in lines 43 and 44 of such section and by inserting in lieu thereof a period and a new sentence as follows: 'Compensation payments due on account of death shall be paid for a period of 400 weeks from

---

Caldwell v. Realty Co.

---

the date of the death of the employee; provided, however, after said 400-week period in case of a widow or widower who is unable to support herself or himself because of physical or mental disability as of the date of death of the employee, compensation payments shall continue during her or his lifetime or until remarriage and compensation payments due a dependent child shall be continued until such child reaches the age of 18.' "

As amended in the House, the Bill was sent to the Senate for concurrence. On 11 April 1974 the Senate concurred in the House amendment. The Bill was ratified 12 April 1974.

From a reading of the foregoing sequence of legislative action, it is clear that the legislative intent was to provide expanded coverage for two distinct classes of dependents of a deceased employee, i.e., a disabled, unremarried widow or widower and dependent children under the age of 18 years. Although the coverage was not expanded to the full extent envisioned by the original draft of Section 4. of Senate Bill 1229 or as envisioned by the first two redrafts of Section 4., the original intent to expand coverage for the two distinct classes of dependents of a deceased employee was maintained throughout the legislative action. Having arrived at the legislative intent, a proper reading of the statute becomes clear. The provision of the second paragraph of G.S. 97-38, as amended, which relates to dependent children under the age of 18 years, should be read in conjunction with the introductory proviso. When so read, it means "and provided, however, after said 400-week period compensation payments due a dependent child shall be continued until such child reaches the age of 18."

In our opinion Chief Deputy Commissioner Shuford and the Full Commission correctly interpreted the statute as amended.

Affirmed.

Judges PARKER and ARNOLD concur.