SHARON B. CHINAULT, WIDOW; SHARON B. CHINAULT, GUARDIAN FOR AMY R. CHINAULT, STEP-DAUGHTER, AND HEATHER D. CHINAULT, DAUGHTER; SANDRA W. CHINAULT, GUARDIAN FOR LORI LEIGH CHINAULT, DAUGHTER; JERRY S. CHINAULT, DECEASED EMPLOYEE, PLAINTIFFS V. FLOYD S. PIKE ELECTRICAL CONTRACTORS, EMPLOYER; UNITED STATES FIDELITY AND GUARANTY CO., CARRIER; DEFENDANTS

No. 8010IC754

(Filed 1 September 1981)

**Master and Servant § 79— workers' compensation—determination of death benefits**

The effect of G.S. 97-38 is to fix each recipient's share of death benefits under the Workers' Compensation Act at the date of decedent's death; therefore, the Industrial Commission properly held that the entire compensation to which the survivors, a widow and three minor children, were entitled should be divided into four equal parts with the widow to receive weekly payments for 400 weeks and each of the three minor children to receive only its share of weekly compensation beyond the 400 week period and until such child reached 18 years of age.

APPEAL by plaintiffs from order of North Carolina Industrial Commission entered 5 June 1980. Heard in the Court of Appeals 3 March 1981.

In this proceeding Deputy Commissioner Ben E. Roney made findings of fact based on stipulations that Jerry S. Chinault died on 25 August 1978 as a result of an injury received in an accident arising out of and in the course of employment with Floyd S. Pike Electrical Contractors; that he had an average weekly wage of $460.00; and that he was survived by a widow, two daughters, and one stepdaughter, all of whom were wholly dependent on him. His two daughters and his stepdaughter were under 18 years of age. The parties stipulated the defendant Pike had more than four employees on 25 August 1978 and that they are bound by and

subject to the provisions of the Workers' Compensation Act. Deputy Commissioner Roney made an award of $42.00 per week for 400 weeks to the widow and each of the three minor children, with each of the minor children's award of $42.00 per week to continue until the minor reached 18 years of age.

The plaintiffs appealed to the Full Commission which affirmed the award of Deputy Commissioner Roney. The plaintiffs appealed to this Court.

*Faw, Folger, Sharpe and White, by Cama C. Merritt and P. M. Sharpe, for plaintiff appellants.*

*Hutchins, Tyndall, Bell, Davis and Pitt, by Richard Tyndall, for defendant appellees.*

WEBB, Judge.

This appeal presents a case of first impression in this state. It involves a question of how death benefits under the Workers' Compensation Act are to be determined. The deceased left a widow and three children wholly dependent on him at the time of his death. The Industrial Commission has held that the entire compensation to which the survivors are entitled should be divided into four equal parts with the widow to receive weekly payments for 400 weeks and each of the three minor children to receive her weekly compensation beyond the 400 week period and until she reaches 18 years of age.

The appellants contend the Industrial Commission is in error. They argue that the survivors are entitled to a payment of $168.00 per week and this should not be reduced until the youngest child reaches 18 years of age. They contend that after 400 weeks the share the decedent's widow had been receiving should be divided equally between the three minor children and as each minor child reaches 18 years of age, her share should be divided between those minors not yet 18 years of age.

This case is governed by G.S. 97-38 which says in part:

"If death results proximately from the accident . . . the employer shall pay . . . to the person or persons entitled thereto as follows:

(1) Persons wholly dependent for support upon the earnings of the deceased employee at the time of the accident shall be entitled to receive the entire compensation payable share and share alike to the exclusion of all other persons. If there be only one person wholly dependent, then that person shall receive the entire compensation payable.

*    *    *

Compensation payments due on account of death shall be paid for a period of 400 weeks from the date of the death of the employee; provided, . . . compensation payments due a dependent child shall be continued until such child reaches the age of 18."

We affirm the order of the Industrial Commission. We base this decision on the plain words of the statute. We believe a fair reading of the statute shows the General Assembly intended to fix each recipient's share at the date of the decedent's death. Section (1) of G.S. 97-38 fixes the share each survivor is to receive, in this case one-fourth of the total benefits or $42.00 per week. Sections (2) and (3) which we do not quote in this opinion fix the shares beneficiaries are to receive if there are no persons wholly dependent on the decedent at the date of his death. The next paragraph quoted above then fixes the period of time for which the benefits are to be paid, in this case 400 weeks for the widow and for each minor child until she becomes 18 years of age. We do not believe this paragraph is intended to fix the percentage of the survivors' benefits, that having been done by G.S. 97-38(1).

We believe *Caldwell v. Marsh Realty Co.*, 32 N.C. App. 676, 233 S.E. 2d 594 (1977) reinforces our holding. In that case this Court affirmed an award by the Industrial Commission that had interpreted G.S. 97-38(1) in a similar manner as was done in the case sub judice. The issue raised in this case was not presented in *Marsh Realty* but that case demonstrated the interpretation the Industrial Commission gives to the statute and the legislature has not seen fit to amend the statute since that time.

The appellants argue that the interpretation we make has the anomalous result of different total benefits depending on the number and ages of wholly dependent survivors. Any anomaly in

the statute is for the General Assembly and not us to resolve. The appellants also argue that when the statute says the "entire compensation" shall be paid for the full period, this means the original total award of $168.00 per week cannot be reduced until the youngest child reaches 18 years of age. We agree that the "entire compensation" cannot be reduced. The question we face is how to define "entire compensation." We believe "entire compensation" is defined by the statute as we interpret it in this case.

Affirmed.

Judges HEDRICK and HILL concur.