## Hugh Hardy v. The Chicago, Milwaukee & St. Paul Railroad Company.

1. PRACTICE—*Exceptions on Appeal Which Were Not Grounds for a New Trial.*—Error can not be assigned upon the improper admission or rejection of evidence, where the motion for a new trial did not specify any such grounds.

2. RAILROAD COMPANIES—*Not Responsible for the Acts of Policemen.*—The mere fact that a policeman is commissioned at the request of a railroad company for guarding its property and paid by it, does not render the company responsible for all his acts.

Trespass for False Imprisonment.—In the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge, presiding. Declaration in trespass; plea of not guilty; trial by jury; verdict, not guilty, and judgment for defendant; appeal by plaintiff. Heard in this court at the March term, 1895. Affirmed. Opinion filed April 4, 1895.

JOHN V. A. WEAVER and EDGAR L. JAYNE, attorneys for appellant.

CHARLES B. KEELER and J. R. DICKINSON, attorneys for appellee.

MR. JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

The appellant brought an action against the appellee for a false arrest and imprisonment, and upon a trial of the cause the jury returned a verdict of not guilty, upon which verdict a judgment for the defendant was entered. The appellant was arrested in the yards of the appellee by a special police officer in the employ and pay of the appellee. The nominal offense of appellant, and which caused his arrest, was picking up and sacking potatoes that had been thrown out of the cars and were lying on the track, preparatory to carrying them away, without the permission of an employe of the appellee, named Purcell, who had charge of such matters in the yards.

Purcell, it seems, had the right, or was, at least, accustomed to sell the refuse potatoes that were thrown from the cars, and on the day previous to the arrest had sold some to the appellant and his brother, and had furnished them with sacks to carry away the potatoes.

On the day in question appellant and his brother had returned to the yards with the sacks furnished to them by Purcell the day before, and, not seeing Purcell, had proceeded to pick up potatoes openly, as if they were licensed to do so. When the sacks were about full the appellant left his brother and went, as he testifies, in search of Purcell, to pay him for them, but did not find him.

While he was gone his brother was arrested by the special policeman and taken to the office of the appellee, and

when appellant returned to the place where the sacks were, he also was arrested and taken to the appellee's office. From there the appellant with his brother were taken to the Desplaines street police station in charge of police officers who had been summoned for that purpose, and was there "booked" upon the complaint and charge of stealing potatoes, by the officer who made the arrest, and confined in a cell.

We pass over all questions that have been argued upon the errors assigned of improper admission and rejection of evidence, for the reason that the motion for a new trial that was filed did not specify any such grounds. Hintz v. Graupner, 138 Ill. 158; Clause v. Bullock Co., 20 Ill. App. 113; Hoffman v. World's Columbian Exposition (No. 5241, this term). See also Ill. C. R. R. Co. v. O'Keefe, 39 N. E. Rep. 906.

The errors in instructions, barely alluded to in appellant's brief, are not well taken. There was evidence tending to show that the plaintiff was guilty of larceny, and if it be conceded that the instructions complained of might be construed to contain that element, it was justified by the evidence.

The special policeman, although testifying that he was "told to arrest anybody I (he) found picking up stuff there," did not disclose who so instructed him, nor was it proved by any other evidence. The mere fact that he was commissioned as a policeman at the request of appellee for the guarding of its property and was paid by appellee, did not render the appellee responsible for all his acts. And the same may be said of Lyons, who, it was shown, was the superior in authority to the policeman, in directing that the appellant be taken to the police station.

As to whether the appellee was responsible for the acts committed against the appellant the verdict of the jury was in the negative, and ought not to be interfered with for anything we discover in the record.

No substantial error being made to appear, the judgment will be affirmed.