J. H. TATE, Administrator of the Estate of LOUIS CHIAPETTA, Deceased, v. SOUTHERN RAILWAY COMPANY and W. A. BANKS.

(Filed 28 June, 1933.)

**1. Removal of Causes C b—**

Upon a motion to remove a cause to the Federal Court on the grounds of separable controversy the allegations of the complaint are controlling and the cause is not removable if joint liability is alleged.

**2. Same—Upon petition for removal for fraudulent joinder the allegations of the petition are taken as true.**

Upon a petition to remove a cause to the Federal Court on the grounds of fraudulent joinder the jurisdiction of the State Court ends upon the filing of a proper bond and verified petition setting forth facts sufficient to require removal under the law, the State Court having the right to

pass upon the sufficiency of the bond and the petition, but the allegations of the petition are taken as true, the plaintiff having a right to traverse the jurisdictional facts in the Federal Court upon motion to remand.

**3. Master and Servant A b—Whether act of railroad policeman is done as employee or officer of law depends upon the nature of the act.**

A railroad policeman appointed pursuant to C. S., 3484 is prima facie a public officer, but the question of whether a particular act is done as an employee of the railroad company or as a public officer is a question to be determined from the nature of the act, whether it relates to vindication and enforcement of public justice or whether it is in the scope of duties owed the company by reason of the employment.

**4. Removal of Causes C b—Petition held to sufficiently allege fraudulent joinder of railroad policeman in action for wrongful death.**

Plaintiff brought action against a railroad policeman and the railroad at whose instance he was appointed to recover for the wrongful death of plaintiff's intestate. The complaint alleged that the resident defendant, while acting within the scope of his duties to the railroad company, maliciously shot and killed plaintiff's intestate when plaintiff's intestate was discovered in a box car where he was riding as a licensee. The railroad company filed petition for removal for fraudulent joinder, alleging that the resident defendant was acting as a public officer and not an employee at the time of the shooting. *Held*, the petition for removal contained more than a denial of the allegation of the complaint, and specifically alleged facts constituting fraudulent joinder, and the petition should have been allowed, the allegations of the petition being taken as true.

APPEAL by Southern Railway Company from *McElroy, J.*, at January Term, 1933, of McDOWELL. Reversed.

The plaintiff brought suit to recover damages for the wrongful death of his intestate, basing his action substantially upon the following allegations. On 17 June, 1932, the deceased and others were riding in box cars of the Southern Railway Company with the knowledge and assistance of the employees of the company, en route from Washington to their respective homes in Arkansas and Texas. In the early evening, when the train was some miles east of Marion, the deceased and his companions lay down in the box car to sleep and about 10 p.m. were awakened by being kicked and cursed by the defendant Banks, who ordered them to leave the car. Some prepared to get out but the deceased apparently did not at first hear the order. Banks then fired a pistol at the intestate and inflicted a wound which caused his death. The assault was without cause or provocation and was made after the occupants had signified their willingness to obey the order and leave the car. Banks was employed by the Southern Railway Company as a railroad policeman and on the occasion referred to was the agent, servant, and employee of the company acting within the scope of his duties and employment, having authority to eject from trains of the

company persons riding thereon without paying proper fare. It is alleged, also, that the acts of the defendant Banks were gross, wanton, and malicious, and that the plaintiff is entitled to both compensation and punitive damages.

The Southern Railway Company made a motion, based upon its petition and bond, for removal of the cause to the United States District Court, alleging the fraudulent joinder of Banks as a party defendant.

The petitioner admits, as the complaint alleges, that Banks was a railroad policeman, but denies that he was a servant, agent, or employee of the company or engaged in the performance of any of its duties, and alleges that he was not in its service but was a public officer, having been appointed by the Governor under the provisions of C. S., 3484 and 3485. It is further alleged that pursuant to his appointment he gave bond and took an oath to discharge the duties imposed upon him in this respect.

The clerk denied the motion to remove the cause and on appeal to the Superior Court his judgment was affirmed. The petitioner excepted and appealed.

*R. C. Kelly, Winborne & Proctor, S. J. Ervin and S. J. Ervin, Jr., for appellant.*
*J. W. Pless and J. Will Pless, Jr., for appellee.*

ADAMS, J. The appeal is prosecuted from an order of the Superior Court denying the petition of the Southern Railway Company for a removal of the cause to the District Court of the United States for the Western District of North Carolina.

When a motion to remove a cause is made on the ground of a separable controversy, the plaintiff may have the question heard and determined upon the allegations in his complaint and the requisite separability does not exist if according to such allegations the defendants are jointly liable. *R. R. v. Thompson,* 200 U. S., 206, 50 L. Ed., 441; *R. R. v. Miller,* 217 U. S., 209, 54 L. Ed., 732; *Swain v. Cooperage Co.,* 189 N. C., 528; *Crisp v. Fibre Co.,* 193 N. C., 77.

It is not contended, however, that the motion should be allowed for this cause. The petitioner is a public carrier incorporated in Virginia and domesticated in North Carolina; Banks is a resident of Buncombe County in this State. The petition is founded on the alleged fraudulent joinder of the individual with the corporate defendant and the merits must be determined by the application of another principle.

Without reviewing the numerous authorities on the subject we need only repeat the familiar rule that the jurisdiction of the State court comes to an end when in apt time the petitioner files a proper bond and

a verified petition setting forth facts sufficient to require a removal under the law. The State court may pass upon the sufficiency of the bond and the petition, but the petitioner's allegations of fact are deemed to be true and if the plaintiff wishes to do so he may traverse the jurisdictional facts in the Federal Court on a motion to remand. *Rea v. Mirror Co.,* 158 N. C., 28; *Lloyd v. R. R.,* 162 N. C., 485; *Smith v. Quarries Co.,* 164 N. C., 338; *Crisp v. Fibre Co., supra; C. & O. R. R. v. Cockrell,* 232 U. S., 146, 58 L. Ed., 544. The rule applies only to such issues of fact as control and determine the right of removal and the petition must contain a full and direct statement of facts adequate, if true, to establish the fraudulent purpose. *Lloyd v. R. R., supra.*

In these respects the petition is sufficient. It sets forth the facts relating to jurisdiction, to the allegations in the complaint, to the circumstances under which the assault was committed, and proceeds with elaborate averments in substance as follows: The controversy, with every issue of law and fact therein, is between the plaintiff, a resident of this State, and the petitioner, a nonresident; the defendant Banks is an improper party; previously to the homicide he had been appointed by the Governor of North Carolina as a railroad policeman, had given bond, had taken the prescribed oath, and at the time of the assault was acting exclusively in his official capacity and not by virtue of any alleged employment by the petitioner, or as its agent, servant, or employee. This, in effect, is the purport of the petition. It is more than a mere denial of the complaint, which would be insufficient (*Lloyd v. R. R., supra*); it was designed to be a specific averment that Banks was acting as an officer of the law.

He was appointed as policeman pursuant to C. S., 3884 *et seq.* Whether at the time referred to he was acting only in an official capacity is not a legal conclusion essentially dependent upon a construction of these statutes. There are numerous decisions of different courts on the question of the liability of an employer for the acts of special policemen. The decisions indicate that such officers act sometimes as servants of the company by whom they are employed and sometimes as officers of the State. In *McKain v. Baltimore & O. R. Co.,* 23 L. R. A. (N. S.), 289, it said that the line of distinction marks the point at which the act ceases to be one of service to the employer and becomes one of vindication of public right or justice, the apprehension or punishment of a wrongdoer, not for the injury done to the employer, but to the public at large; also, that such appointees, though paid for their services by the persons at whose instance they are appointed, are not servants of such persons in respect to all the acts they perform by virtue of their offices, but only in respect to services rendered the company, such as defending or preserving its property.

The weight of authority maintains the position that special officers appointed by the State for police duty at the expense of a railway company or other corporation are prima facie public officers, for whose acts, as such officers, the corporation procuring the appointment is not liable; but if such officers are engaged in the performance of duties which they owe to their employers by reason of their employment and are acting within the scope of their powers and duties, they will be deemed servants or employees, and for their negligent or wanton acts done in the performance of assigned duties, their employers may be liable. *McKain v. Baltimore & O. R. Co., supra; Hershey v. O'Neill,* 36 Fed., 168; *Hardy v. Chicago, M. & St. P. R. Co.,* 58 Ill. App., 278; *Tucker v. Erie R. Co.,* 69 N. J. L., 19; *Sharp v. Erie R. Co.,* 184 N. Y., 100; *Healey v. Lothrop,* 171 Mass., 263; *Milton v. Missouri P. R. Co.,* 193 Mo., 46, 4 L. R. A. (N. S.), 282; *Tyson v. Joseph H. Bauland Co.,* 9 L. R. A. (N. S.), 267.

Whether at the time he shot the deceased Banks was acting in his capacity as servant or public officer is a question of fact for the jury. The petitioner's allegation that he was acting in the latter capacity must be taken as true, subject to traverse by the plaintiff in the Federal Court. Judgment

Reversed.