Assoc. of Licensed Detectives v. Morgan, Attorney General

of $169.00. This allows plaintiff to recover against defendant Jones upon a note given by defendant Hines to plaintiff to which defendant Jones was not a party. The majority treats the note as the same thing as the contract between defendant Hines and plaintiff, the performance of which was guaranteed by defendant Jones. However, there is no allegation, stipulation, or other evidence that the note sued on by plaintiff was given in payment of the obligation of defendant Hines to plaintiff under the contract. Of course, if the note were given in payment of defendant Hines' obligation under her contract with plaintiff, the question would arise as to whether such *payment* discharged defendant Jones from her guarantee of performance of the contract.

I concur in the majority view that the reasons given by the trial judge for dismissing the action against defendant Jones are not valid. However, the judgment of the trial court, in my opinion, reaches the correct result. Therefore, I vote to affirm the dismissal of the action as to defendant Jones.

---

NORTH CAROLINA ASSOCIATION OF LICENSED DETECTIVES AND DETECTIVE SERVICE OF NORTH CAROLINA, INC. v. ROBERT MORGAN, ATTORNEY GENERAL OF THE STATE OF NORTH CAROLINA, AND CHARLES DUNN, DIRECTOR, NORTH CAROLINA STATE BUREAU OF INVESTIGATION

No. 7310SC64

(Filed 28 March 1973)

1. **Constitutional Law § 12— regulation of profession — exercise of police power — benefit to public**

    When the State's exercise of its police power works to deny a person, association or corporation the right to engage in a business otherwise lawful, such deprivation of liberty requires a substantially greater likelihood of benefit to the public in order to enable it to survive an attack based on Article I, § 19 of the Constitution of North Carolina.

2. **Constitutional Law § 20— state statute — equal protection — reasonable classification**

    To withstand an equal protection claim a statute's classification must be reasonable, not arbitrary, and must rest on some ground of difference having a fair and substantial relation to the object of the legislation so that all persons similarly circumstanced shall be treated alike.

3. **Constitutional Law § 20— private detectives — special police officers — prohibition against individual serving as both — no denial of equal protection**

It is the purpose of G.S. 66-49.7(f) to prevent individuals from acting in the dual capacity of private detective and public, although limited, police officer, there being a real and fundamental difference between private detectives and special police, which distinction is that while the former are private persons no different from ordinary citizens, the latter are public officers, and this distinction between the two is a valid factual status reasonably related to the purpose of the Act upon which to base discrimination not constitutionally forbidden by the equal protection clause of Article I, § 19.

4. **Constitutional Law § 12— private detectives — special police — regulation by State**

The regulation of persons eligible to become licensed private detectives and commissioned special policemen is an exercise of authority in the interest of the general public rather than a particular class.

5. **Constitutional Law § 12— revocation of private detective's license held by special policeman**

The provision of G.S. 66-49.7(f) requiring the revocation of a private detective's license upon his being commissioned as a company or special policeman is a means reasonably necessary for the accomplishment of a public purpose which the General Assembly has a right to secure.

6. **Constitutional Law § 12— private detectives — special police — State regulation valid**

G.S. 66-49.7(f) is a valid legislative expression of a public policy in North Carolina prohibiting a special policeman, who is a public officer, from holding an incompatible second office; conversely, the statute is a valid regulation of the powers and scope of authority of private detectives, denying them power to arrest and otherwise conduct themselves as policemen and servants of the public.

APPEAL by plaintiffs from *Clark, Judge,* 31 July 1972 Session of WAKE County Superior Court.

This is a civil action to determine the constitutionality of G.S. 66-49.7(f), effective 1 October 1971, which statute provides that: "No [private detective] licensee shall hold a commission as a company or special police. The issuance of such a commission to a licensee shall automatically revoke the license of the licensee without the necessity of a hearing."

The plaintiff North Carolina Association of Licensed Detectives is a voluntary incorporated association with its principal office in Greensboro, North Carolina, the membership being composed of licensed private detectives. The plaintiff Detective

Service of North Carolina, Inc., is a corporation organized under the laws of North Carolina with its principal place of business in Greensboro, North Carolina, and is engaged in the business of providing investigative and security service to the general public.

G.S. 143A-54 transferred to the Attorney General of North Carolina the authority to issue commissions to special policemen, who, pursuant to G.S. 74A-1 *et seq.,* act in a protective capacity for the State or private institutions, or corporations.

The plaintiffs alleged in their complaint and offered in evidence testimony to the effect that prior to the effective date of G.S. 66-49.7 (f), many members of the Association of Licensed Detectives, and Mr. Robert A. Buys, the sole employee of the Detective Service of North Carolina, Inc., simultaneously held a license as a private detective and a commission as a private or special policeman. As a result of the enactment of G.S. 66-49.7 (f) these individuals were forced to resign their commissions as special policemen in order to retain their private detective licenses.

The plaintiffs argue that the loss of their commissions as special policemen has caused them to suffer financial loss, that it deprives them of the right to carry on both businesses at the same time, and denies them the equal protection of the law.

The superior court, after a hearing, held that G.S. 66-49.7 (f) was a valid and constitutional exercise of legislative authority, dissolved the temporary restraining order previously entered in the cause, and denied the plaintiffs' application for a permanent injunction.

Plaintiff appellants have perfected this appeal, assailing the validity of G.S. 66-49.7 (f) under Article I, Sections 1, 19, and 34 of the North Carolina Constitution.

*Attorney General Robert Morgan by Associate Attorney Miss Ann Reed and Assistant Attorney General Richard B. Conely for defendant appellees.*

*Smith, Patterson, Follin & Curtis by Marion G. Follin III for plaintiff appellants.*

CAMPBELL, Judge.

Appellants concede that the State may regulate the private detective business by the issuance of licenses to persons who

meet specified qualifications. There is authority supporting such regulation. *Lehon v. Atlanta,* 242 U.S. 53, 61 L.Ed. 145, 37 S.Ct. 70 (1916).

Private or special police are public officers, *Tate v. R. R.,* 205 N.C. 51, 169 S.E. 816 (1933), and, therefore, a proper subject of regulation by the State in exercise of its police power.

The main thrust of appellants' argument is that G.S. 66-49.7(f) deprives them of the right to pursue a lawful occupation; and, as the statute is not based upon a reasonable classification, it is therefore unconstitutional.

The Fifth and Fourteenth Amendments, Due Process Clause, together with the Law of the Land Clause of Article I, § 19 of the North Carolina Constitution, provide that no person shall be deprived of property without due process of law. However, none of these provisions has the effect of overriding the power of state and local government to establish all regulations that are reasonably necessary to secure the health, safety, good order, comfort or general welfare of the community. *Atlantic Coast Line R. Co. v. Goldsboro,* 232 U.S. 548, 58 L.Ed. 721, 34 S.Ct. 364 (1914).

Whether it is a violation of the Law of the Land Clause (Article I, § 19) or a valid exercise of the police power is a question of degree and of reasonableness in relation to the public good likely to result from it. *In re Hospital,* 282 N.C. 542, 193 S.E. 2d 729 (1973).

". . . The right to work and to earn a livelihood is a property right that cannot be taken away except under the police power of the State in the paramount public interest for reasons of health, safety, morals, or public welfare. . . ." *Roller v. Allen,* 245 N.C. 516, 96 S.E. 2d 851 (1957). Even though the state police power does extend to regulation of private detectives and private policemen, not every regulation of those activities must necessarily fall within the scope of the police power. *In re Hospital, supra.*

". . . If a statute is to be sustained as a legitimate exercise of the police power, it must have a rational, real, or substantial relation to the public health, morals, order, or safety, or the general welfare. In brief, it must be reasonably necessary to promote the accomplishment of a pub-

lic good, or to prevent the infliction of a public harm. . . ." *State v. Ballance,* 229 N.C. 764, 51 S.E. 2d 731 (1949).

Speaking on this issue, the United States Supreme Court held, in an opinion cited in *In re Hospital, supra;* that:

> " 'To justify the State in thus interposing its authority in behalf of the public, it must appear, first, that the interests of the public generally, as distinguished from those of a particular class, require such interference; and, second, that the means are reasonably necessary for the accomplishment of the purpose, and not unduly oppressive upon individuals. The legislature may not, under the guise of protecting the public interests, arbitrarily interfere with private business, or impose unusual and unnecessary restrictions upon lawful occupations.' " *Lawton v. Steele,* 152 U.S. 133, 137, 38 L.Ed. 385, 14 S.Ct. 499 (1894).

[1]    When the State's exercise of its police power works to deny a person, association or corporation the right to engage in a business, otherwise lawful, such deprivation of liberty requires a substantially greater likelihood of benefit to the public in order to enable it to survive an attack based upon Article I, § 19 of the Constitution of North Carolina. *In re Hospital, supra.*

[2]    The principles applicable to an equal protection claim are similar: the classification must be reasonable, not arbitrary, and must rest on some ground of difference having a fair and substantial relation to the object of the legislation so that all persons similarly circumstanced shall be treated alike. Discrimination in a state statute must be based on differences that are reasonably related to the purposes of the statute.

A state police law's classification which has some reasonable basis does not offend against the equal protection clause of the Fourteenth Amendment merely because it is not made with mathematical nicety, or because in practice it results in some inequality. On the contrary, the discrimination must be shown to be "invidious discrimnation." *Morey v. Doud,* 354 U.S. 457, 1 L.Ed. 2d 1485, 77 S.Ct. 1344 (1957).

In *State v. Greenwood,* 280 N.C. 651, 187 S.E. 2d 8 (1972), the North Carolina Supreme Court held that the equal protection clause imposes upon lawmaking bodies the requirement that any legislative classification be based on differences that

are reasonably related to the purposes of the act in which it is found. While the equal protection clause does not require perfection in classification, the legislative determination is entitled to great weight, it does not allow arbitrary discrimination between that activity which is prohibited and that which is not.

Detectives who are private policemen would have access to persons, records, places and information not available to a detective without the benefit of such office. Private detectives, not being public officers, have no more right to carry firearms or other means of defense, than ordinary citizens, nor should they be permitted to wear badges or insignia similar to that of public officers. Private detectives who were allowed to be special policemen also would have authority to exercise "all the powers of municipal and county police officers to make arrests for both felonies and misdemeanors." (G.S. 74A-2).

[3] It is the purpose of G.S. 66-49.7 (f) to prevent individuals from acting in the dual capacity of private detective and public, although limited, police officer. We hold, first, that there is a real and fundamental difference between private detectives and special police, which distinction is that while the former are private persons no different from ordinary citizens, the latter are public officers, and that this distinction between the two is a valid factual status reasonably related to the purpose of the Act upon which to base discrimination not constitutionally forbidden by the equal protection clause of Article I, § 19. *State v. Greenwood, supra.*

[4] We hold, second, that the regulation of persons eligible to become licensed private detectives and commissioned special policemen is an exercise of authority in the interest of the general public, rather than a particular class.

[5] Finally, we hold that the provisions of G.S. 66-49.7 (f) are a means reasonably necessary for the accomplishment of a public purpose which the General Assembly has a right to secure.

[6] G.S. 66-49.7 (f) is a valid legislative expression of a public policy in North Carolina prohibiting a special policeman, who is a public officer, from holding an incompatible second office. Conversely, G.S. 66-49.7 (f) is a valid regulation of the powers and scope of authority of private detectives, denying them the power to arrest and otherwise conduct themselves as policemen and servants of the public.

We have considered but do not find merit in appellants' other assignments of error.

No error.

Judges MORRIS and PARKER concur.