SHARON B. CHINAULT, WIDOW; SHARON B. CHINAULT, GUARDIAN FOR AMY
  R. CHINAULT, STEP-DAUGHTER, AND HEATHER D. CHINAULT, DAUGHTER;
  SANDRA W. CHINAULT, GUARDIAN FOR LORI LEIGH CHINAULT,
  DAUGHTER; JERRY S. CHINAULT, DECEASED EMPLOYEE, PLAINTIFFS v.
  FLOYD S. PIKE ELECTRICAL CONTRACTORS, EMPLOYER; UNITED
  STATES FIDELITY AND GUARANTY CO., CARRIER, DEFENDANTS

No. 17PA82

(Filed 13 July 1982)

APPEAL by plaintiffs pursuant to G.S. 7A-31 seeking discretionary review of the decision of the Court of Appeals (*Judge Webb*, with *Judges Hedrick* and *Hill* concurring) reported at 53 N.C. App. 604, 281 S.E. 2d 460 (1981). The Court of Appeals affirmed the opinion and award of the Industrial Commission entered on 5 June 1980 regarding the distribution of compensation benefits to the widow and dependent minor children of the deceased employee.

The pertinent facts of this workers' compensation dispute are summarized in the Court of Appeals' opinion as follows:

> Deputy Commissioner Ben E. Roney made findings of fact based on stipulations that Jerry S. Chinault died on 25 August 1978 as a result of an injury received in an accident arising out of and in the course of employment with Floyd S. Pike Electrical Contractors; that he had an average weekly wage of $460.00; and that he was survived by a widow, two daughters, and one stepdaughter, all of whom were wholly dependent on him. His two daughters and his stepdaughter were under 18 years of age. The parties stipulated the defendant Pike had more than four employees on 25 August 1978 and that they are bound by and subject to the provisions of the Workers' Compensation Act. Deputy Commissioner Roney made an award of $42.00 per week for 400 weeks to the widow and each of the three minor children, with each of the minor children's award of $42.00 per week to continue until the minor reached 18 years of age.

53 N.C. App. at 604-05, 281 S.E. 2d at 461.

The legal issue which subsequently arose on plaintiffs' appeal was whether G.S. 97-38 required reapportionment of the *entire*

award, even after 400 weeks, based upon a decrease in the number of eligible dependents. The Court of Appeals upheld the Industrial Commission's conclusion that "compensation payments due a dependant child beyond the 400-week period is the [same] share which said dependent child is entitled to receive during the 400-week period." Record at 4. In our Court, plaintiffs seek a modification of the Commission's opinion and award to provide that:

> the entire compensation payable in the amount of $168.00 per week be shared equally by the widow and the three children at $42.00 per week for 400 weeks beginning August 25, 1980; that at the end of the 400-week period the compensation of $168.00 per week be shared equally by the three children until Amy reaches the age of 18 on September 5, 1989; that when Amy reaches 18 the compensation of $168.00 per week be shared equally by Lori Leigh and Heather until Lori Leigh reaches the age of 18 on May 14, 1992; that when Lori Leigh reaches 18 Heather be entitled to receive the compensation of $168.00 per week until she reaches the age of 18 on April 26, 1997.

Plaintiffs' Brief at 14.

*Faw, Folger, Sharpe & White, by Cama C. Merritt, for plaintiff-appellants.*

*Hutchins, Tyndall, Doughton & Moore, by Richard Tyndall, for defendant-appellees.*

COPELAND, Justice.

This case was consolidated for oral argument with the case of *Deese v. Lawn and Tree Expert Co.*, No. 16PA82 on our docket. Both cases have similar factual settings and raise identical legal issues about the correct interpretation and application of G.S. 97-38. We have this day filed an opinion in the *Deese* case which fully addresses and decides this statutory question in our workers' compensation law. Our reasoning and holding in *Deese*, --- N.C. ---, --- S.E. 2d --- (1982), necessarily governs the outcome in the instant case, and we consequently affirm the decision of the Court of Appeals without further ado.[1]

---

1. We have thoroughly reviewed and considered the various authorities cited by the parties in their briefs in our more expansive and dispositive discussion in the companion *Deese* case, *supra.*

Affirmed.

Justice MITCHELL dissenting.

I dissent and vote to reverse the Court of Appeals for the reasons set forth in my dissent in the case of *Deese v. Lawn and Tree Expert Co.*, filed this date and bearing our Docket No. 16PA82.

Justices EXUM and CARLTON join in this dissenting opinion.