NANCY CRAVEN ALLEN, DAUGHTER, BRENDA SIMBER, GUARDIAN AD LITEM FOR WILLIAM SCOTT CRAVEN, MINOR SON, OF WILLIAM PEARL CRAVEN, DECEASED, EMPLOYEE-PLAINTIFF v. PIEDMONT TRANSPORT SERVICES, INC. OF NORTH CAROLINA D/B/A TRANSPERSONNEL/MANPOWER TEMPORARIES, EMPLOYER, AETNA CASUALTY & SURETY COMPANY, CARRIERS-DEFENDANTS

No. 9310IC187

(Filed 6 September 1994)

**Workers' Compensation § 273 (NCI4th)— minor child of decedent—entitlement to entire compensation—adult child entitled to no compensation**

The Industrial Commission did not err in finding and concluding that the only minor child of the decedent at the time of his

work-related death was entitled to receive the entire compensation payable under N.C.G.S. § 97-38, even after the minor child turned 18, to the exclusion of an adult child of the decedent. N.C.G.S. § 97-40.

**Am Jur 2d, Workers' Compensation §§ 207 et seq.**

Appeal by plaintiff Nancy Craven Allen from Opinion and Award of the North Carolina Industrial Commission entered 19 November 1992. Heard in the Court of Appeals 4 January 1994.

*Coleman, Gledhill & Hargrave, by Kim K. Steffan, for plaintiff appellant Nancy Craven Allen.*

*Charles N. Stedman, for plaintiff appellee Brenda Simber, guardian ad litem for William Scott Craven.*

COZORT, Judge.

William P. Craven died as a result of a work-related injury. The Industrial Commission ordered that all of the workers' compensation death benefits would go to Mr. Craven's minor son Scott, age 14, and none to Mr. Craven's adult daughter Nancy, age 25. We affirm. The procedural history follows. Appellant Nancy Craven Allen, adult daughter of the deceased, filed a Request that Claim Be Assigned for Hearing before a Deputy Commissioner (Form 33) on 9 April 1991. On 20 April 1991, Aetna Life & Casualty Company filed a Form 33R stating that the parties were unable to agree on the person or persons entitled to receive death benefits under the Workers' Compensation Act. The case came on for hearing before Deputy Commissioner W. Joey Barnes on 2 December 1991. The parties stipulated that the decedent, William P. Craven, suffered an injury by accident on 5 March 1991 while working for defendant-employer and that at the time of the injury defendant-employer and decedent were subject to the Workers' Compensation Act. The only issue before the Commission at the hearing was what, if any, workers' compensation death benefits were decedent's surviving children, Nancy Michelle Craven (now Nancy Craven Allen) and William Scott Craven (Scott), eligible for under N.C. Gen. Stat. § 97-38(1) (1991). At the time of decedent's death, Scott was 14 years old and Nancy was 25 years old. In an Opinion and Award entered 27 January 1992, the Deputy Commissioner found, pursuant to N.C. Gen. Stat. §§ 97-2(12), -38, -39, that Scott was the only minor child of the decedent at the time of his death and,

being wholly dependent upon the decedent, was entitled to receive the entire workers' compensation death benefits.

On 30 January 1992, plaintiff Nancy Craven Allen filed a Notice of Appeal to the Full Commission, which heard the appeal on 19 November 1992. On 19 November 1992 the Full Commission entered an Opinion and Award which affirmed the Deputy Commissioner's award. Plaintiff Nancy Craven Allen appeals.

Appellant contends that the Industrial Commission erred in finding and concluding that Scott, the only minor child of the decedent at the time of his death, was entitled to receive the entire compensation payable under § 97-38, even after Scott turns 18 years of age. Specifically, appellant contends that, as a matter of law under the Workers' Compensation Act, she is entitled to share in the death benefits after Scott turns age 18.

"On appeal from an order of the Industrial Commission, [our] jurisdiction . . . is limited to the questions of law, whether there was competent evidence before the commission to support its findings of fact and whether such findings justify the legal conclusions and decision of the commission." *Gaines v. L.D. Swain & Son, Inc.*, 33 N.C. App. 575, 578, 235 S.E.2d 856, 859 (1977) (citations omitted). We find the evidence presented at the hearing was sufficient to support the Commission's findings of fact, that such findings justify the legal conclusions and decision of the Commission, and that the Commission made no error of law.

N.C. Gen. Stat. § 97-38, which provides for payment of death benefits for dependents of an employee whose death proximately results from compensable injury or occupational disease, provides in pertinent part:

If death results proximately from a compensable injury . . . the employer shall pay or cause to be paid . . . weekly payments of compensation equal to . . . (66 2/3%) of the average weekly wages of the deceased employee at the time of the accident . . . and burial expenses not exceeding . . . ($2,000), to the person or persons entitled thereto as follows:

(1) *Persons wholly dependent for support upon the earnings of the deceased employee at the time of the accident shall be entitled to receive the entire compensation payable share and share alike to the exclusion of all other persons. If there be*

*only one person wholly dependent, then that person shall receive the entire compensation payable.*

\* \* \* \*

. . . Compensation payments due on account of death shall be paid for a period of 400 weeks from the date of the death of the employee; provided, however, after said 400-week period . . . compensation payments due a dependent child shall be continued until such child reaches the age of 18.

N.C. Gen. Stat. § 97-38 (1991) (emphasis added).

N.C. Gen. Stat. § 97-39 provides that "a child shall be conclusively presumed to be wholly dependent for support upon the deceased employee." N.C. Gen. Stat. § 97-2(12) (Cum. Supp. 1993) defines "child" to "include only persons who at the time of the death of the deceased employee are under 18 years of age." Where there are no persons wholly dependent, "then any person partially dependent for support upon the earnings of the deceased employee at the time of the accident" receives the weekly payments under § 97-38(2).

Thus Scott, the only minor child at the time of decedent's death, was conclusively presumed wholly dependent upon the decedent for support under § 97-39 and thus entitled to all of the compensation payable under § 97-38. Appellant, who was 25 at the time of decedent's death, was not entitled to any compensation under § 97-38. Scott will continue receiving payments after he reaches age 18 because he will turn 18 before the 400-week period expires.

Where the deceased employee leaves no persons wholly or partially dependent, § 97-40 provides that "the compensation which would be payable under G.S. 97-38 to whole dependents shall be commuted to its present value and paid in a lump sum to the next of kin as herein defined." " '[N]ext of kin' . . . include[s] . . . adult children . . of the deceased . . . ." N.C. Gen. Stat. § 97-40. The order of priority among such next of kin who are neither wholly nor partially dependent upon the deceased employee and who take under § 97-40 is "governed by the general law applicable to the distribution of the personal estate of persons dying intestate." *Id.*

Appellant observes that, if both plaintiffs in this case were over age 18 at the time of decedent's death, they would be entitled to share the benefits equally as next of kin under § 97-40 and N.C. Gen. Stat. § 29-16(a)(1) (1984), which provides that children of the deceased

ALLEN v. PIEDMONT TRANSPORT SERVICES

[116 N.C. App. 234 (1994)]

take in equal shares. Appellant argues that, when Scott turns 18 during the initial 400-week death benefit period, the remaining portion of the death benefit should be divided equally between the two children, since they are both next of kin under § 97-40 and since there is no longer any wholly dependent beneficiary under § 97-38. We disagree with appellant's construction of §§ 97-38, -40.

In interpreting the statutory provisions of North Carolina's workers' compensation law, we are guided by the following rules of statutory construction:

> First, the Workers' Compensation Act should be liberally construed, whenever appropriate, so that benefits will not be denied upon mere technicalities or strained and narrow interpretations of its provisions. Second, *such liberality should not, however, extend beyond the clearly expressed language of those provisions, and our courts may not enlarge the ordinary meaning of the terms used by the legislature or engage in any method of "judicial legislation."* . . . Third, it is not reasonable to assume that the legislature would leave an important matter regarding the administration of the Act open to inference or speculation; consequently, the judiciary should avoid "ingrafting upon a law something that has been omitted, which [it] believes ought to have been embraced." Fourth, in all cases of doubt, the intent of the legislature regarding the operation or application of a particular provision is to be discerned from a consideration of the Act as a whole—its language, purposes and spirit. Fifth, and finally, the Industrial Commission's legal interpretation of a particular provision is persuasive, although not binding, and should be accorded some weight on appeal and not idly cast aside, since that administrative body hears and decides all questions arising under the Act in the first instance.

*Deese v. Lawn and Tree Expert Co.*, 306 N.C. 275, 277-78, 293 S.E.2d 140, 142-43 (1982) (citations omitted) (emphasis added).

The express language of § 97-38 fixes the rights and liabilities at the time of the employee's death, providing that where there is only one wholly dependent person at the time of decedent's death, *all* of the death benefits be paid to that person. Section 97-40 applies only where the deceased employee leaves no surviving whole or partial dependents. In *Chinault v. Pike Electrical Contractors*, 53 N.C. App. 604, 606-07, 281 S.E.2d 460, 462 (1981), *aff'd*, 306 N.C. 286, 293 S.E.2d 147 (1982), the court noted that "the General Assembly intended to fix

each recipient's share at the date of the decedent's death" and that "[a]ny anomaly in the statute is for the General Assembly and not [this Court] to resolve." Thus, we cannot construe the statute to divide benefits among claimants who were adult children at the time of decedent's death and the sole wholly dependent beneficiary when the latter turns 18 during the initial 400-week period.

Appellant contends that *Deese*, 306 N.C. 275, 293 S.E.2d 140, and its companion case, *Chinault*, 306 N.C. 286, 293 S.E.2d 147, support the idea of apportionment where the wholly dependent beneficiary pool, as here, decreases during the initial 400 weeks from one to zero. Both cases, unlike the case at bar, dealt with the question of distributing death benefits after the initial 400 weeks, in cases where dependency continues. In discussion, the Court notes the following about cases arising during the initial 400 weeks:

[I]f there is a decrease in the dependent beneficiary pool *during* the 400 weeks following the employee's death, there must be a corresponding reapportionment of the full award payable for that set period among the remaining eligible members of the pool. . . . *That, we hold, is the only situation in which there will be an increase in the amount of the individual shares paid to the dependents still partaking of the compensation fund.*

*Deese*, 306 N.C. at 279-80, 293 S.E.2d at 144 (emphasis added). Applying this reasoning to the case at bar, appellant argues that when Scott turns 18, the wholly dependent beneficiary pool decreases from one to zero, putting the case squarely within N.C. Gen. Stat. § 97-40, which requires that next of kin shall divide the death benefit equally. We disagree. The *Deese* ruling would allow a reapportionment of the full award among dependents still partaking of the compensation fund only where there is a decrease in the dependent beneficiary pool. In this case, Scott, being the only person wholly dependent, was entitled under § 97-38(1) to receive the entire compensation payable. Because we cannot deviate from the express language of § 97-38(1), we cannot extend the reasoning of *Deese* to this case.

Lastly, appellant contends that the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and its counterpart in the Constitution of North Carolina require reading §§ 97-39, -40 in a way that treats Nancy and Scott equally once they are both independent, adult children. We disagree.

ALLEN v. PIEDMONT TRANSPORT SERVICES

[116 N.C. App. 234 (1994)]

In *Carpenter v. Tony E. Hawley Contractors*, 53 N.C. App. 715, 721-22, 281 S.E.2d 783, 787, *disc. review denied*, 304 N.C. 587, 289 S.E.2d 564 (1981), this Court rejected plaintiff's argument that N.C. Gen. Stat. § 97-38, which awards full compensation to a wholly dependent person and denies compensation to plaintiff as a partially dependent person, violates the equal protection clauses of the United States and North Carolina Constitutions. We stated that "[t]o withstand an equal protection claim, a legislative classification must be reasonable, must not be arbitrary, and must rest on some ground of difference having a fair and substantial relationship to the object of the legislation." *Carpenter*, 53 N.C. App. at 721-22, 281 S.E.2d at 787 (citing *Association of Licensed Detectives v. Morgan*, 17 N.C. App. 701, 705, 195 S.E.2d 357, 360 (1973)). "This is to insure that all persons similarly circumstanced shall be treated alike." *Id.* We noted that "[o]ne of the primary purposes of the [Workers' Compensation] Act is to grant certain and speedy relief to injured employees, or in the case of death, to their dependents," and we found "that it is reasonable to provide that those persons wholly dependent upon the decedent for support are entitled to the payments provided for in the Act to the exclusion of those who have another, albeit partial, source of support, and that this difference has a fair and substantial relation to the object of the legislation." *Id.* at 722, 281 S.E.2d at 787 (citation omitted).

Appellant argues that an application of the test set forth in *Carpenter* leads one to conclude that the statute as interpreted by the Full Commission violates the federal Equal Protection Clause and its North Carolina counterpart because there is no reasonable basis for distinguishing between two independent adult children, and such a distinction bears no fair or substantial relationship to any purpose of the Act. We disagree. By providing in § 97-38(1) that the sole wholly dependent person receive the entire compensation payable, the Legislature furthered one of the primary purposes of the Act—to grant certain and speedy relief to injured employees, or in the case of death, to their dependents. Thus, we find that it is reasonable to provide that the sole wholly dependent person receive the entire compensation payable after reaching age 18 until the expiration of the initial 400-week period to the exclusion of other adult children of the decedent. Such a distinction among adult children has a fair and substantial relation to the object of the legislation.

Appellant further argues that there is no policy which supports giving Scott, once he is an adult, all of the remaining death benefits,

ROUSE v. PITT COUNTY MEMORIAL HOSPITAL

[116 N.C. App. 241 (1994)]

to the exclusion of his adult sister. Appellant points to this state's public policy for the support of minor children by their parents, as reflected in N.C. Gen. Stat. § 50-13.4(c) and our public policy that adult children be treated equally under the law, as reflected in North Carolina's Intestate Succession Act, which provides for equal division among members of the same class. *See* N.C. Gen. Stat. § 29-16(a)(1) (1984). Appellant argues that once the sole wholly dependent person, Scott, reaches 18, the public policy for the support of minor children by their parents yields to the public policy that adult children be treated equally under the law would require Scott, as an adult, to share the award with other adult children such as appellant. We disagree. A minor child is likely to suffer more immediate and long term economic loss as a result of his or her parent's death than an adult child. Whereas a minor child must still finish his or her education and has yet to embark on his or her career, an adult child is likely to have finished or at least substantially completed his or her education and to have begun his or her career. Thus, § 97-38(1) promotes the public policy for the support of minor children by their parents.

Affirmed.

Judges GREENE and WYNN concur.