The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Jan Pittman and the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award.
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
Judicial Notice is taken of the Pre Trial Agreement and all Stipulations and Exhibits contained therein, including:
 • License and Certificate of Marriage of the State of South Carolina between Johnny Dove, Sr. and Nancy Louise King, who were married on November 9, 1985,
 • Certificates of live birth for Minor Plaintiffs, Johnny Dove, Jr. and Mauderene Nikia Dove, indicating that Johnny Dove, Sr. is the father of said Minor Plaintiffs,
 • Divorce Judgment in Alamance County between Johnny Reece Dove and Phyllis Martin Dove,
 • Rolandus L. Dove's answers to defendants' interrogatories and Nancy Louise King Dove and defendants' response to interrogatories of Plaintiff Rolandus Dove.
 • Payroll records of Johnny Reece Dove indicating that his average weekly wage was $254.59.
 EVIDENTIARY RULING
 The statements by Johnny Dove, decedent, relating statements Nancy Dove made to Johnny Dove, Sr. concerning the paternity of the Minor Plaintiffs through the testimony of Rolandus Dove, Loretta Woods, Daniel Dove, Alexander Dove, and Carnell Walker are admissible under North Carolina Rules of Evidence 804 (a) (4), 804 (b) (4), and 803 (19).
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. Plaintiffs, Mauderene Nikia Dove and Johnny Reece Dove, Jr., (hereinafter the Minor Plaintiffs) were born during the marriage of Nancy Louise King Dove and the decedent, Johnny Reece Dove, Sr. Nancy Dove learned after the death of decedent, that this marriage was bigamous and therefore void.
2. The Plaintiff Rolandus Dove is the adult son of decedent and his first wife, whom decedent divorced after marrying Nancy. Decedent and Nancy did not remarry after this divorce.
3. Prior to his death, but after the birth of the Minor Plaintiffs, Nancy and decedent separated in 1991. The Minor Plaintiffs lived with decedent and were financially supported by him after the separation until the time of decedent's death on October 1, 1992. Decedent provided the sole support for Minor Plaintiffs. Nancy Dove's other children did not live with decedent after the separation and Nancy provided no support for Minor Plaintiffs. The Minor Plaintiffs were dependent on decedent for support their entire lives, including at the time of his death. Decedent referred to Minor Plaintiffs as his children and they called him father. Decedent took the Minor Plaintiffs to the doctor, church, and other places.
4. After the death of decedent, Rolandus Dove contested the paternity of the Minor Plaintiffs.
5. Nancy Dove indicated she had sex with another man around January, 1987. Johnny Jr. was born on March 29, 1987 and Mauderene Nikia Dove was born on July 5, 1990. Other than Nancy Dove's admission of one sexual interlude, the only other evidence shows that she was only seen in the company of men in public places during her bigamous marriage. Nancy Dove and decedent were living together after January, 1987 and at the time of the births of the Minor Plaintiffs. Nancy Dove wrote to decedent in January, 1987 that decedent was the father of the baby, Johnny, Jr. Nancy Dove and decedent enjoyed sexual relations during said bigamous marriage.
6. There was no competent evidence introduced concerning the circumstances surrounding the birth of Minor Plaintiff, Johnny. Jr., to suggest premature birth, and no competent evidence of sexual relations with another prior to Minor Plaintiff, Mauderene's birth.
7. While the testimony of Rolandus Dove and decedent's siblings is admissible, their testimony does not prove the truth of the statements allegedly made by Nancy Dove to decedent concerning paternity of the Minor Plaintiffs. These statements were allegedly made by Nancy Dove to decedent after their separation. Said evidence is not sufficient evidence which would rebut the presumption of paternity. The undersigned find the testimony of Nancy Dove that decedent was the father of both Minor Plaintiffs credible.
8. Rolandus Dove, an adult, was not a dependent of the decedent at the time of his death.
* * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. The Industrial Commission has exclusive original jurisdiction of the rights and remedies afforded by the North Carolina Workers' Compensation Act. Thomason v. Cab Co., 235 N.C. 602, 70 S.E.2d 706
(1952); Carpenter v. Tony E. Hawley, Contractors, 53 N.C. App. 715,281 S.E.2d 783, cert denied, 304 N.C. 587, 289 S.E.2d 564 (1981). The Commission's function is to hear the evidence of the parties, make findings of fact and determine the issues in dispute. N.C.G.S. §97-84.
2. The Industrial Commission has jurisdiction to determine paternity of illegitimate children where such determination is necessary to resolve a dispute as to who is entitled to compensation under the Workers' Compensation Act. N.C.G.S. § 97-1et seq.
3. There is a statutory presumption of legitimacy arising from a child born of a bigamous marriage. N.C.G.S. § 50-11.1. Case law allows for the presumption to be rebutted only by facts and circumstances which show the husband did not have access or was impotent. Plaintiff, Rolandus Dove, has failed to prove that decedent did not have access or was impotent. Carpenter v. TonyE. Hawley, Contractors, supra.
4. N.C.G.S. § 97-2 (12), -38, -39 provide that minor children at the time of decedent's death who are wholly dependent upon the decedent are entitled to receive the Workers' Compensation death benefits. The State of North Carolina's public policy to provide for support of minor children is reflected in N.C.G.S. § 50-13.4 (c). Further, the state's public policy that adult children are to be treated equally under the law is reflected in North Carolina's Intestate Succession Act, which provides for equal division among members of the same class. N.C.G.S. § 29-16 (a) (1). "A minor child is likely to suffer more immediate and long term economic loss as a result of his or her parent's death than an adult child. Whereas a minor child must still finish his or her education and has yet to embark on his or her career, an adult child is likely to have finished or at least substantially completed his or her education and to have begun his or her career. Thus, (N.C.G.S.) § 97-38 (1) promotes the public policy for support of minor children by their parents." Allen v.Piedmont Transport Services, 116 N.C. App. 234, 241,447 S.E.2d 835 (1994).
5. "In regard to paternity actions, the term `acknowledgment generally has been held to mean the recognition of a parental relation, either by written agreement, verbal declarations or statements, by the life, acts, and conduct of the parties, or any other satisfactory evidence that the relation was recognized and admitted." Carpenter v. Tony E. Hawley,Contractors, supra at 720. It is not necessary for an illegitimate child's status to be established by written instrument or judicial proceeding in order for the Industrial Commission to be able to find that an illegitimate child has been acknowledged. Id.
6. Minor Plaintiffs are the acknowledged illegitimate children of Johnny Dove, Sr., and are, therefore, conclusively presumed wholly dependent on him for support and entitled to compensation payable under the North Carolina Workers' Compensation Act. N.C.G.S. § 97-38.
7. Said minor children are entitled to collect their prorata share of compensation benefits payable during the initial four-hundred week period following the date of the decedent's death. After said four-hundred week period, each child's share of said compensation benefits due said dependent child shall continue until the eighteenth birthday of said child.
8. Rolandus Dove, decedent's adult child, was not dependent upon decedent at the time of his death and is, therefore, not entitled to receive compensation benefits pursuant to N.C.G.S. §97-38.
9. Decedent's average weekly wage at the time of his death was $254.59.
* * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. The Defendant, Triangle Paving, Inc. Self-Insured, c\o Consolidated Administrators, Inc., Cigna Property and Casualty Co. shall pay to the Clerk of Superior Court or a Guardian duly appointed by the appropriate Clerk of Superior Court on behalf of Johnny R. Dove, Jr. and Mauderene Nikia Dove, Minor Plaintiffs, compensation at the rate of $169.81 per week for the period beginning October 1, 1992 for four hundred weeks and each minor child's pro rata share of said compensation continuing until said minor child reaches eighteen years of age. Such compensation as has accrued shall be paid in a lump sum, without commutation.
2. When considering the services provided and the complexity of the issues involved, a reasonable attorney's fee in the amount of $6,000 is hereby approved for counsel for Minor Plaintiffs. The accrued portion of said fee shall be deducted from the accrued compensation benefits payable to the Minor Plaintiffs as set forth in paragraph 1 of this award and forwarded directly to said counsel. Thereafter, defendant shall forward every fourth check of compensation benefits to Minor Plaintiffs' counsel until Minor Plaintiffs' counsel's fee has been paid.
3. Plaintiff Rolandus Dove's request for taking of blood samples is hereby denied. The blood tests are unnecessary as the Minor Plaintiffs have met their burden of proof that they are legitimate because of the presumption concerning bigamous marriages, which Plaintiff Rolandus Dove has failed to rebut, the acknowledgment of decedent, and the factual dependency of Minor Plaintiffs on decedent.
4. Defendants shall pay the costs.
This the _____ day of March, 1996.
 S/ _________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
S/ _________________ THOMAS J. BOLCH COMMISSIONER
S/ _________________ J. RANDOLPH WARD COMMISSIONER
LKM\bjp