***********
Upon review of the competent evidence of record, with reference to the errors assigned, and considering the briefs and oral arguments of the parties, the Full Commission finds no good grounds to receive further evidence, or to rehear the parties or their representatives. Upon reconsideration of the evidence, the Full Commission affirms, with modifications, the Order of the Deputy Commissioner, and enters the following Order.
 *********** ISSUE
The issue to be determined is whether the Agreement for Final Compromise Settlement and Release should be approved?
 *********** *Page 2 
Based upon the competent and credible evidence of record, the Full Commission makes the following:
 FINDINGS OF FACT
1. The parties are correctly designated and the North Carolina Industrial Commission has jurisdiction over the subject matter of this claim.
2. On or about April 21, 2009, Defendant-Employer employed Deceased Employee Sidney R. Williams (hereinafter Deceased Employee). Defendant-Carrier provided workers' compensation insurance coverage to Defendant-Employer. Defendant-Employer employed more than three employees and was subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
3. On or about April 21, 2009, Deceased Employee and Plaintiff-Widow, Ashley Williams (hereinafter Plaintiff) were lawfully husband and wife. Deceased Employee and Plaintiff were married on January 21, 2006, as documented by an Application, License and Certificate of Marriage recorded in the Wake County, North Carolina Office of Register of Deeds. Plaintiff affirms that there were no children born unto her marriage with Deceased Employee. Plaintiff further affirms that on or about April 21, 2009, Deceased Employee did not have any children outside of his marriage to Plaintiff, nor did Deceased Employee have anyone either wholly or partially dependant upon him, other than Plaintiff.
4. On or about April 21, 2009, Deceased Employee was in a fatal automobile accident arising out of and in the course and scope of his employment with Defendant-Employer. A Medical Examiner's Certificate of Death confirms that Deceased Employee died from blunt force trauma to the head and neck following a single automobile accident in which he was driving his transfer truck. *Page 3 
5. As a result of Deceased Employee's April 21, 2009 fatal work injury, Defendant-Carrier undertook an investigation to determine the appropriate beneficiaries who are entitled to death benefits pursuant to the North Carolina Workers' Compensation Act.
6. Based upon a Form 22 and Form 30, Deceased Employee's average weekly wage was $752.19, yielding a compensation rate of $501.48.
7. On January 29, 2010, Chief Deputy Commissioner Taylor filed a Stipulated Opinion and Award awarding Plaintiff the full amount of death benefits allowed under the North Carolina Workers' Compensation Act, which is $501.48 per week for 400 weeks. Chief Deputy Commissioner Taylor further ordered Defendants to pay the ambulance and funeral home expenses associated with Deceased Employee's April 21, 2009 fatal work injury.
8. On March 3, 2010, the parties submitted an Agreement for Final Compromise Settlement and Release to the Deputy Commissioner for approval, which provided for the payment of the death benefits awarded to Plaintiff in a lump sum. The amount payable to Plaintiff in the Compromise Settlement Agreement was $137,787.94, which represented the commuted present value of the remaining 400 weeks owed to Plaintiff as of the date of settlement.
9. On April 14, 2010, Chief Deputy Commissioner Taylor filed an Order denying approval of the Agreement for Final Compromise Settlement and Release.
10. On May 18, 2010, Plaintiff and Defendants jointly filed a Motion for Reconsideration of Chief Deputy Commissioner Taylor's April 14, 2010 Order. The parties' Motion included copies of bills in connection with Plaintiff's outstanding health care and educational debt totaling $8,909.91. The parties' Motion also included a statement from Plaintiff *Page 4 
setting forth various reasons why she felt that unusual circumstances existed justifying a lump sum payment of the death benefits awarded to her, including, but not limited to the following:
 a. Deceased Employee's mother and brother are requesting a portion of the lump sum payment of the proceeds of the death benefits awarded to Plaintiff;
 b. Plaintiff does not feel she can achieve closure on this matter unless and until she gives Deceased Employee's mother and brother a portion of the lump sum payment of the proceeds of the death benefits awarded to her;
 c. Deceased Employee's mother is requesting that Plaintiff pay for burial and tombstone expenses in the amount of approximately $5,000.00 in a lump sum;
 d. Plaintiff lost her health insurance coverage upon Deceased Employee's death, and cannot afford to purchase her own health insurance policy due to a pre-existing condition;
 e. Plaintiff would like to return to college on a full-time basis, but cannot apply for financial aid without paying off the student loans she has that are currently in default due to the fact that she lacks the funds to keep those payments current.
11. On June 10, 2010, Chief Deputy Commissioner Taylor entered an Order Reconsidering Agreement for Final Compromise Settlement and Release finding that Defendants shall pay Plaintiff the benefits owed to her weekly, but awarding Plaintiff a partial lump sum payment in the amount of $20,059.20 pursuant to N.C. Gen. Stat. § 97-44. Defendants appealed to the Full Commission. *Page 5 
12. The Full Commission finds based upon the greater weight of the evidence that Plaintiff, the sole dependent of Deceased Employee, is entitled to receive $501.48 per week for 400 weeks, the full amount of death benefits allowed under the North Carolina Workers' Compensation Act. Plaintiff has been receiving weekly compensation at the rate of $501.48 per week and additionally received an award of a partial lump sum payment. Receipt of all of the compensation currently due Plaintiff for the remaining 400 weeks in a lump sum, reduced to present value would substantially reduce the amount of compensation payable to Plaintiff.
12. The Full Commission finds based upon the greater weight of the evidence that the Agreement for Final Compromise Settlement and Release providing for the payment of the death benefits awarded to Plaintiff in a commuted lump sum is not fair and just to all parties.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. On April 21, 2009, Deceased Employee sustained a compensable injury by accident arising out of and in the course and scope of his employment with Defendant-Employer, which resulted in his death. N.C. Gen. Stat. § 97-38 (2009).
2. "Widow," as defined in N.C. Gen. Stat. § 97-2(14), "includes only the decedent's wife living with or dependent for support upon him at the time of his death; or living apart for justifiable cause or by reason of his desertion at such time." Plaintiff meets the definition of Widow under the North Carolina Workers' Compensation Act and survived Deceased Employee at the time of his death. N.C. Gen. Stat. § 97-2(14) (2009). *Page 6 
3. Plaintiff is conclusively presumed to have been wholly dependent upon Deceased Employee for support at the time of his death. N.C. Gen. Stat. § 97-39 (2009).
4. Plaintiff is the sole beneficiary entitled to the death benefits allowed under the North Carolina Workers' Compensation Act. Therefore, Plaintiff is entitled to receive $501.48 per week for 400 weeks, the full amount of death benefits allowed under the North Carolina Workers' Compensation Act. N.C. Gen. Stat. § 97-38(1) (2009).
5. The express language of N.C. Gen. Stat. § 97-38 fixes the rights and liabilities at the time of an employee's work-related death, providing that where there is only one wholly dependent person at the time of death, all of the death benefits are to be paid to that person. N.C. Gen. Stat. § 97-38 (2009); Allen v.Piedmont Transport Services, Inc. of North Carolina,116 N.C. App. 234, 238, 447 S.E.2d 835, 838 (1994). N.C. Gen. Stat. § 97-40, which governs commutation and payment of compensation in cases involving an employee's work-related death, applies only where the deceased employee leaves no surviving whole or partial dependents. N.C. Gen. Stat. § 97-40 (2009);Allen, 116 N.C. App. 234, 238, 447 S.E.2d 835, 838 (1994). In this case, because Deceased Employee had a surviving dependent, N.C. Gen. Stat. § 97-40 cannot be applied in order to provide Widow with a commuted lump sum payment of the death benefits to which she is entitled under the North Carolina Workers' Compensation Act.
6. A lump sum payment of benefits under the North Carolina Workers' Compensation Act may be approved if the following occurs:
 . . . in unusual cases, where the Industrial Commission deems it to be to the best interest of the employee or his dependents, or where it will prevent undue hardships on the employer or his insurance carrier, without prejudicing the interests of the employee or his dependents, be redeemed, in whole or in part, by the payment by the employer of a lump sum which shall be fixed by the Commission. N.C. Gen. Stat. § 97-44 (2009). *Page 7 
7. Given the disparity between the total amount of death benefits to which Plaintiff is entitled under the North Carolina Workers' Compensation Act and the commuted lump sum to be paid by the Agreement for Final Compromise Settlement and Release, said Agreement is not fair and just to all parties.
8. The Full Commission affirms and adopts the determination of Chief Deputy Commissioner Taylor that based upon Plaintiff's statement establishing outstanding debt in the amount of $8,909.91, an inability to obtain health insurance, and a desire to complete her college degree, it is in the interests of justice and in the best interests of the parties for Defendants to pay a one-time lump sum to Plaintiff of one-tenth of the total death benefits to which she is entitled under the North Carolina Workers' Compensation Act, which is a lump sum of $20,059.20, and that the remaining compensation shall continue to be paid on a weekly basis. N.C. Gen. Stat. §§ 97-38, 97-44 (2009).
 ***********
Based upon the foregoing stipulations, findings of fact, and conclusions of law, the Full Commission makes the following:
 AWARD
1. Defendants shall continue to pay to Plaintiff on a weekly basis the remaining death benefits owed at the rate of $501.48 per week for the time period left on the 400 weeks, less any partial lump sum awards hereinafter approved.
2. Defendants shall pay a one-time, partial lump sum to Plaintiff of $20,059.20, if not already paid. The remaining compensation owed shall continue to be paid on a weekly basis.
3. The Chief Deputy Commissioner's Order disapproving the Compromise Settlement Agreement is affirmed and adopted. *Page 8 
4. Defendants shall pay the costs of these proceedings.
This the ___ day of December 2010.
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
 S/___________________ DANNY LEE McDONALD COMMISSIONER
 S/___________________ CHRISTOPHER SCOTT COMMISSIONER *Page 1