MRS. WILLA BLANCHE HEWETT, WIDOW; BARBARA RUTH HEWETT, MINOR DAUGHTER, BY HER NEXT FRIEND, REBECCA WILSON, CARL HAYES HEWETT, DECEASED EMPLOYEE, v. S. W. GARRETT, EMPLOYER, GLENS FALLS INSURANCE CO., CARRIER.

(Filed 15 May 1968.)

**Master and Servant § 79—**

Under the provisions of the Workmen's Compensation Act a surviving child is conclusively presumed to be wholly dependent for support upon the deceased employee, and it is error for the Industrial Commission to require that there be evidence and findings of fact that the deceased employee, at the time of his death, was in fact engaged in furnishing support to his acknowledged illegitimate child before the claim of such child could be recognized. G.S. 97-39; G.S. 97-2(12).

APPEAL by minor plaintiff from an opinion and award, 6 November 1967, of the North Carolina Industrial Commission.

This is a proceeding under the Workmen's Compensation Act by the widow and by a minor illegitimate child of Cary Hayes Hewett, deceased employee, to recover compensation for his death. At the hearing the parties stipulated certain of the facts and evidence was introduced which would show the following: Carl Hayes Hewett died 19 May 1963. At the date of his death he was an employee of S. W. Garrett and both he and his employer were subject to the provisions of the North Carolina Workmen's Compensation Act. His death resulted from personal injuries which were caused by an accident which arose out of and in the course of his employment. He was survived by his widow, Willa Blanche Hewett, to whom he had been married on 21 October 1960 and with whom he had lived until approximately one month prior to his death. At that time they separated because of threats made by Carl Hayes Hewett.

Prior to his second marriage to Willa Blanche Hewett, Carl Hayes Hewett had lived at Brevard, North Carolina with one Barbara Wilson, to whom he was not married, but with whom he lived

together as husband and wife. On 8 June 1957 a child, Barbara Ruth Hewett, was born to the deceased employee and Barbara Wilson and this child continued to live with her father and mother at Brevard until 4 July 1958, when Barbara Wilson took her infant daughter and moved in with her mother, Rebecca Wilson, in New York. Approximately two weeks thereafter the deceased employee also moved into the same household and continued to live as husband and wife with Barbara Wilson and their infant child, Barbara Ruth Hewett. Approximately 1 October 1958 Rebecca Wilson discovered that Carl Hayes Hewett and Barbara Wilson were not married, and at that time Carl Hayes Hewett moved from the household. During the period from July to October, 1958, Carl Hayes Hewett paid part of the expenses for the four persons residing in the household in New York. After moving from the household in October, 1958, he paid nothing further toward the support of Barbara Ruth Hewett. There was also testimony from members of the deceased employee's family that he had many times acknowledged that Barbara Ruth Hewett was his child.

The Hearing Commissioner made findings of fact substantially as above recited and concluded as a matter of law that the deceased employee had died as a result of injuries received by accident arising out of and in the course of his employment with the defendant employer; that Willa Blanche Hewett was the lawful widow of the deceased employee, was living apart from her husband at the time of his death for justifiable cause, and was conclusively presumed to be wholly dependent upon the deceased employee; that Barbara Ruth Hewett is the illegitimate daughter of the deceased, "but was not a dependent of the deceased for some five years prior to May 19, 1963, and thereby is excluded from any recovery." Based on these findings of fact and conclusions of law, the Hearing Commissioner made an award to the widow, Willa Blanche Hewett, but made no award to the minor illegitimate daughter. On appeal, the Full Commission adopted as its own the findings of fact, conclusions of law, and award of the Hearing Commissioner. From this decision, the minor plaintiff appealed.

*Aaron Goldberg for minor plaintiff (Barbara Ruth Hewett) appellant.*

*James, James and Crossley, John F. Crossley for plaintiff-widow (Mrs. Willa Blanche Hewett) appellee.*

PARKER, J.  G.S. 97-39 provides:

"A widow, a widower and/or a child shall be conclusively presumed to be wholly dependent for support upon the deceased

employee. In all other cases questions of dependency, in whole or in part shall be determined in accordance with the facts as the facts may be at the time of the accident, but . . . no compensation shall be allowed unless the dependency existed for a period of three months or more prior to the accident."

G.S. 97-2(12) provides:

"The term 'child' shall include a posthumous child, a child legally adopted prior to the injury of the employee, and a stepchild or acknowledged illegitimate child dependent upon the deceased, but does not include married children unless wholly dependent upon him."

In the case before us the Industrial Commission has ignored the conclusive presumption of dependency of a child created by G.S. 97-39, and has interpreted the words "dependent upon the deceased" as the same appear in G.S. 97-2(12) as meaning dependent *in fact* upon the deceased. In accord with this interpretation the Industrial Commission required that there be evidence and finding that the deceased, at the time of his death, was actually engaged in furnishing support to his acknowledged illegitimate child before the claim of such a child can be recognized.

However, in construing these same statutory sections in a case involving the claim of a posthumous, illegitimate child, the North Carolina Supreme Court has treated the dependency referred to in G.S. 97-2(12) as a legal, rather than as a factual concept. In the case of *Lippard v. Express Co.*, 207 N.C. 507, 177 S.E. 801, the Supreme Court, speaking through Connor, J., said:

"The dependency which the statute recognizes as the basis of the right of the child to compensation grows out of the relationship, which in itself imposes upon the father the duty to support the child, and confers upon the child the right to support by its father. The status of the child, social or legal, is immaterial.

"The philosophy of the common law, which denied an illegitimate child any rights, legal or social, as against its father, and imposed no duty upon the father with respect to the child, is discarded by the statute."

We recognize that there is a possible ambiguity between G.S. 97-2(12) which defines the term "child" as including an acknowledged illegitimate child dependent upon the deceased, and the language of G.S. 97-39 which provides that a "child shall be conclusively presumed to be wholly dependent for support upon the deceased em-

ployee." Exactly the same ambiguity existed, however, at the time the North Carolina Supreme Court decided the case of *Lippard v. Express Co., supra,* and the Supreme Court resolved it in favor of the conclusive presumption created by the latter section of the statute. In the case of a similar ambiguity between the language of G.S. 97-39 and the definition contained in G.S. 97-2(15) which defines the term "widower" to include only the decedent's husband who "was dependent for support upon her," the North Carolina Supreme Court upheld the claim of a widower, even though it was acknowledged in that case that as a matter of fact he had received no support from his deceased wife, the Court holding that the conclusive presumption created by G.S. 97-39 was controlling. *Martin v. Sanatorium,* 200 N.C. 221, 156 S.E. 849.

In view of the holdings in the *Lippard* and *Martin* cases, *supra,* the opinion and award of the Industrial Commission in the case before us was in error, and the cause is remanded to the Industrial Commission with the direction that judgment be entered in accordance with this opinion.

Reversed and remanded.

CAMPBELL and BROCK, JJ., concur.