DEBORAH CARPENTER, ACKNOWLEDGED DAUGHTER; VINEZ PATRICIA TINSLEY, GUARDIAN AD LITEM FOR SHAUNA L. TINSLEY, ALLEGED ACKNOWLEDGED MINOR CHILD OF ROBERT F. KENAN, DECEASED, PLAINTIFF v. TONY E. HAWLEY, CONTRACTORS; AMERICAN CASUALTY INSURANCE COMPANY, CARRIER, DEFENDANTS

No. 8010IC1084

(Filed 15 September 1981)

1. **Master and Servant § 85— workers' compensation—authority of Industrial Commission to determine paternity**

　　The Industrial Commission has the authority to make a determination as to the paternity of an illegitimate child for the limited purpose of establishing who is entitled to the compensation payable under North Carolina's Workers' Compensation Act.

2. **Master and Servant § 79.1— workers' compensation—finding of paternity—sufficiency of evidence**

　　In a workers' compensation proceeding, there was sufficient evidence for the Commission to find plaintiff was the illegitimate daughter of the deceased where the evidence tended to show (1) the mother of plaintiff was living in "open and notorious adultery" with deceased at least one year prior to the birth of plaintiff and for eight or nine years thereafter, (2) deceased had told plaintiff that he was plaintiff's father, and (3) deceased had provided plaintiff with $25 to $30 a week for her support.

3. **Master and Servant § 79.1— workers' compensation—finding that illegitimate child acknowledged—sufficiency of evidence**

　　In a workers' compensation proceeding, it is not necessary that an illegitimate child's status be established in a written instrument or judicial pro-

ceeding in order for the Commission to be able to find that an illegitimate child had been acknowledged.

**4. Master and Servant § 79.1 — workers' compensation — finding of partial support — sufficiency of evidence**

      The Commission did not err in finding that one of deceased's illegitimate children was only partially dependent upon the decedent at the time of his death where the evidence tended to show that plaintiff had lived with her grandparents, that her grandparents provided food, clothing and shelter for her throughout her life, and that from the time she was thirteen her grandparents received $101 per month in welfare payments for use in her support.

**5. Master and Servant § 79.1 — workers' compensation — denial of compensation to partially dependent child — constitutionality**

      The provision of the Workers' Compensation Act which provides that persons wholly dependent upon decedent for support are entitled to payments provided for in the Act to the exclusion of those who have another, albeit partial, source of support has a fair and substantial relation to the object of the legislation and is constitutional. G.S. 97-38.

APPEAL by plaintiff from the Industrial Commission. Opinion and award filed 8 August 1979. Heard in the Court of Appeals 5 May 1981.

On 27 December 1978, Robert F. Kenan, an employee of Tony E. Hawley Construction Company, suffered a fatal injury by accident which arose out of and in the course of his employment. An action was brought to recover workers' compensation benefits, and the sole issue for hearing was the determination of the person or persons entitled to receive the compensation benefits that became due as a result of Mr. Kenan's death.

Deborah Carpenter, age 20 and born 6 November 1960, is the daughter of the decedent, Robert F. Kenan, such paternity having been established pursuant to the terms of G.S. 110-132. The decedent executed an acknowledgment of paternity on 21 December 1977, which was thereafter affirmed by Eloise C. Montgomery, mother of Deborah Carpenter, on 18 January 1978. The decedent contemporaneously executed a voluntary support agreement whereby he agreed to pay the sum of $15 per week for the support of Deborah Carpenter beginning on 13 January 1978. The decedent made a total payment of $200, and his last payment was in the amount of $80 and was made on 13 October 1978.

Deborah Carpenter lived with her grandparents, both of whom were employed and provided food, clothing and shelter for

her. Occasionally the grandparents gave her money, and they received $101 per month in welfare payments for use in the support of Ms. Carpenter.

Shauna L. Tinsley, age 15 and born 27 October 1965, is the daughter of Vinez Patricia Tinsley and the alleged daughter of the decedent. Vinez P. Tinsley separated from her husband in 1963 and shortly thereafter began living with the decedent in Pine Level, North Carolina. After Shauna's birth they lived together for eight or nine additional years. The decedent admitted to Shauna that he was her father and provided $25 to $30 each week for her support.

The Deputy Commissioner hearing the case found that Shauna is the acknowledged illegitimate minor child of the decedent and wholly dependent upon him for support. He further found that Deborah was only partially dependent upon the decedent at the time of his death. Shauna was therefore found to be entitled to receive the entire compensation payable under the Workers' Compensation Act. Deborah appealed and the case was then heard before the Full North Carolina Industrial Commission. It adopted the opinion and award of the Deputy Commissioner as its own and affirmed his findings. Deborah appeals from this decision.

*Barringer, Allen & Pinnix, by Thomas L. Barringer and M. Jean Calhoun, for plaintiff appellant, Deborah Carpenter.*

*Knox V. Jenkins, Jr. for appellee, Vinez P. Tinsley, Guardian Ad Litem for Shauna L. Tinsley.*

*Young, Moore, Henderson & Alvis, by B. T. Henderson, II and Robert C. Paschal for defendants Tony E. Hawley Contractors and American Casualty Insurance Company.*

ARNOLD, Judge.

Plaintiff contends that the Industrial Commission erred in finding and concluding that Shauna L. Tinsley was the acknowledged illegitimate child of the deceased, Robert F. Kenan, that Deborah Carpenter was only partially dependent upon the deceased, and that Shauna was entitled to the entire award.

On appeal from an order of the Industrial Commission the jurisdiction of the courts is limited to the questions of law,

whether there was competent evidence before the Commission to support its findings of fact and whether such findings justify the legal conclusions and decision of the Commission. *Gaines v. L. D. Swain & Son, Inc.*, 33 N.C. App. 575, 235 S.E. 2d 856 (1977).

[1] At the outset plaintiff argues that the Industrial Commission does not have the authority to determine the paternity of an illegitimate child. She contends that by statutorily establishing procedures by which an illegitimate child may establish its paternity the General Assembly has indicated the exclusive procedures and impliedly indicated that paternity cannot be established in any other manner. We reject this contention. The Industrial Commission has exclusive original jurisdiction of the rights and remedies afforded by North Carolina's Workers' Compensation Act. *Thomason v. Red Bird Cab Co.*, 235 N.C. 602, 70 S.E. 2d 706 (1952). Its function is to hear the evidence of the parties, make findings of fact and determine the issues in dispute. G.S. 97-84. In our view, this necessarily includes determining the paternity of an illegitimate child when such a determination is necessary to resolve a dispute as to who is entitled to the compensation due under the Workers' Compensation Act. The Industrial Commission has made such a determination a number of times since the passage of the Act in 1929, and the General Assembly has not amended the Act. We have concluded that for the limited purpose of establishing who is entitled to the compensation payable under North Carolina's Workers' Compensation Act, the Industrial Commission has the authority to make a determination as to the paternity of an illegitimate child.

[2] Plaintiff further argues, however, that even if the Commission could make such a determination, it committed error in finding that Shauna L. Tinsley was the acknowledged illegitimate daughter of the deceased. Since Shauna's mother was married to someone other than the deceased at the time Shauna was born plaintiff maintains that Shauna is presumed to be the legitimate daughter of the husband, and that the evidence is insufficient to overcome this presumption.

Under North Carolina law a child born of a married woman is presumed to be legitimate and this presumption can be rebutted only by facts and circumstances which show that the husband did not have access or was impotent. *Ray v. Ray*, 219 N.C. 217, 13

S.E. 2d 224 (1941). The fact that the wife is living in open and notorious adultery has been recognized by the courts as a potent circumstance tending to show nonaccess. *Ray v. Ray, supra.* The term "open and notorious adultery" has generally been held to encompass only cases in which the couple engaging in adultery publicly reside together as if married to each other, and this, as well as the fact that they are not wife and husband, are both known in the community of their residence. Black's Law Dictionary (5th ed. 1979); *Wake County Child Support Enforcement ex rel. Bailey v. Matthews,* 36 N.C. App. 316, 244 S.E. 2d 191 (1978). North Carolina law in effect at the time of trial rendered the wife incompetent to prove non-access. *State v. Wade,* 264 N.C. 144, 141 S.E. 2d 34 (1965); *Ray v. Ray, supra.* It should be noted that this rule, already undermined by many modifications (*see Wake County, ex rel. Helen Manning v. Green,* 53 N.C. App. 26, 279 S.E. 2d 901 (7 July 1981)), has now been abrogated entirely by the General Assembly of North Carolina in all civil and criminal proceedings in which paternity is at issue. G.S. 8-57.2 (effective 10 October 1981). However, since this statute was not in effect at the time of the trial below, evidence of non-access came from third persons.

The record shows that Fester Creech, the assistant chief of police of Pine Level, North Carolina, and an employee of the local propane gas company, testified that for at least one year prior to the birth of Shauna, Vinez Tinsley and Robert F. Kenan, the decedent, lived together as man and wife in a farmhouse in Pine Level. Mr. Creech testified that for a period of at least one year prior to the birth of Shauna, and for a number of years thereafter, he made gas deliveries monthly to their residence and, additionally, he went there almost every Saturday to make collections. Mr. Creech testified further that the decedent told him on several occasions that he and Vinez P. Tinsley had a new baby. This evidence is sufficient to support the Commission's finding that the presumption of legitimacy was rebutted.

The Commission's finding of fact that Shauna is the illegitimate daughter of Robert F. Kenan is also supported by competent evidence. In addition to Mr. Creech's testimony, as previously discussed, Shauna testified that the decedent told her he was her father, called her daughter and had a close relationship with her. She also testified that he provided $25 to $30 a

week for her support. Moreover, plaintiff testified that her father had told her Shauna was his child.

**[3]** Plaintiff contends, however, that even if the evidence establishes that Shauna is the decedent's illegitimate daughter, it is insufficient to support the Commission's finding that Shauna is the *acknowledged* illegitimate child of the decedent within the meaning of G.S. 97-2(12).

G.S. 97-2(12) provides:

(12) Child, Grandchild, Brother, Sister.—The term "child" shall include a posthumous child, a child legally adopted prior to the injury of the employee, and a stepchild or acknowledged illegitimate child dependent upon the deceased, but does not include married children unless wholly dependent upon him. . . . "Child," "grandchild," "brother," and "sister" include only persons who at the time of the death of the deceased employee are under 18 years of age.

By using the word "acknowledged" in describing illegitimate children covered by the act, plaintiff asserts that the legislature intended to require that an illegitimate child's status be established in a written instrument or judicial proceeding. Since no formalities of any kind were ever undertaken with regard to Shauna during the decedent's lifetime, plaintiff argues that she cannot be an acknowledged illegitimate child within the meaning of G.S. 97-2(12).

Contrary to plaintiff's assertions, the word "acknowledged" is not a term of art meaning requiring a formal declaration before an authorized official. In regard to paternity actions, the term "acknowledgment" generally has been held to mean the recognition of a parental relation, either by written agreement, verbal declarations or statements, by the life, acts, and conduct of the parties, or any other satisfactory evidence that the relation was recognized and admitted. Black's Law Dictionary (5th ed. 1979). Although we find no North Carolina case precisely defining the term, this definition is consistent with the decided cases involving the paternity of illegitimate children for purposes of North Carolina's Workers' Compensation Act. The evidence introduced at the hearing, as previously discussed, is sufficient to support the Commission's finding of fact and conclusion of law that

Shauna is the acknowledged illegitimate child of the decedent and is therefore conclusively presumed wholly dependent upon him for support, and entitled to the compensation payable under North Carolina's Workers' Compensation Act.

[4] Plaintiff's fourth assignment of error is that the Industrial Commission erred in failing to find that the plaintiff, Deborah Carpenter, was a person wholly dependent upon Robert Kenan within the meaning of G.S. 97-38. It appears from the record that plaintiff had turned 18 just prior to her father's death. At such time by operation of law she became an adult and could no longer be considered a "child" as defined in G.S. 97-2(12). She therefore lost the conclusive presumption provided in G.S. 97-39 that she was wholly dependent upon her father for support. G.S. 97-39 provides further, however, that in cases where the presumption does not apply, "questions of dependency in whole or part shall be determined in accordance with the facts as the facts may be at the time of the accident. . . ."

The record shows that plaintiff had lived with her grandparents, both of whom were employed until recently, since she was a baby, that her grandparents provided food, clothing and shelter for her throughout her life and occasionally gave her money, and that from the time she was thirteen or fourteen her grandparents received $101 per month in welfare payments for use in her support. Plaintiff further testified that she also received money from her father and lesser amounts from her mother. For the year 1978 the decedent made support payments of $200 and gave plaintiff approximately $100. The Commission's findings of fact to this effect are supported by competent evidence and are therefore binding upon this Court. These findings justify the Commission's conclusion that plaintiff was never wholly dependent upon decedent for her support.

[5] Plaintiff's final assignment of error is that G.S. 97-38 and 97-10.1 are unconstitutional. Her position is that G.S. 97-38, which awards full compensation to Shauna as a wholly dependent person and denies compensation to plaintiff as a partially dependent person, violates the equal protection clauses of the United States and North Carolina Constitutions.

To withstand an equal protection claim, a legislative classification must be reasonable, must not be arbitrary, and must

rest on some ground of difference having a fair and substantial relationship to the object of the legislation. This is to insure that all persons similarly circumstanced shall be treated alike. *Association of Licensed Detectives v. Morgan*, 17 N.C. App. 701, 705, 195 S.E. 2d 357, 360 (1973). Plaintiff argues that the legislature has made "persons wholly dependent for support" a special class of persons, and that there is no reasonable relation between this classification and the objectives of the Workers' Compensation Act. We disagree. One of the primary purposes of the Act is to grant certain and speedy relief to injured employees, or in the case of death, to their dependents. *Cabe v. Parker-Graham-Sexton, Inc.*, 202 N.C. 176, 162 S.E. 223 (1932). It substitutes a system of short-term money payments for common law and statutory rights of action and grounds of liability. We find that it is reasonable to provide that those persons wholly dependent upon the decedent for support are entitled to the payments provided for in the Act to the exclusion of those who have another, albeit partial, source of support, and that this difference has a fair and substantial relation to the object of the legislation.

Equally without merit is plaintiff's due process argument. She argues that G.S. 97-10.1, which provides that the rights and remedies granted to the employee's dependents against an employer are exclusive, is arbitrary legislation unrelated to the valid objective of compensating injured employees or their dependents. North Carolina's Workers' Compensation Act has been upheld against a number of constitutional attacks and plaintiff's arguments do not persuade us to hold otherwise.

Accordingly, the decision of the Industrial Commission is affirmed.

Affirmed.

Judges VAUGHN and BECTON concur.