McCOY BRIMLEY, ALLEGED SON; DAVID LEE BRIMLEY, ALLEGED SON; SHIRLEY MARIE BRIMLEY, ALLEGED DAUGHTER; FEBBIE BISHOP GRAY, ALLEGED MOTHER; CORA JONES, ALLEGED WIDOW; MARGARET KNIGHT, ALLEGED SISTER; BRICY DEVREAUX, ALLEGED BROTHER OF JAMES ARTHUR BELFIELD, DECEASED, EMPLOYEE; PLAINTIFFS v. ERNEST PAIT LOGGING, EMPLOYER, AND SELF-INSURER, (HEWITT-COLEMAN AND ASSOCIATES), DEFENDANT

No. 8810IC822

(Filed 18 April 1989)

**Master and Servant § 79.3― workers' compensation―illegitimate children of deceased employee―showing required to receive benefits**

Adult illegitimate children of a deceased employee who are not dependents of deceased and who cannot establish paternity by deceased in accordance with N.C.G.S. § 29-19 are not "next of kin" who are entitled under N.C.G.S. § 97-40 to receive workers' compensation benefits resulting from the death of the employee.

APPEAL by claimants from the Industrial Commission. Opinion and award filed 16 May 1988. Heard in the Court of Appeals 14 March 1989.

On 12 December 1985, James Arthur Belfield, an employee of Ernest Pait Logging, suffered a fatal injury by accident arising out of and in the course of his employment. An action was brought to recover workers' compensation benefits, and the sole issue for hearing was the determination of the person or persons entitled

to receive the compensation benefits that became due as a result of Mr. Belfield's death.

The case was heard before Deputy Commissioner John C. Rush on 17 September 1986. In his opinion and award filed 26 October 1987 the deputy commissioner found as fact that:

McCoy Brimley, David Lee Brimley and Shirley Marie Brimley are the adult acknowledged illegitimate children of the deceased. They are the next-of-kin of the deceased and they are entitled to all compensation due as a result of the death of the deceased, share and share alike.

The Full Commission reversed. Its findings of fact and conclusions of law which are pertinent to this appeal are set out below:

### FINDINGS OF FACT

1. The deceased was the son of Febbie Bishop Gray. He was born on February 15, 1925. When the deceased was in elementary school, Febbie B. Gray left the plaintiff with David and Sally Belfield. They raised the deceased but never adopted him. The deceased took the Belfield name. Plaintiff Febbie Bishop Gray abandoned the deceased.

2. The deceased and Louise Brimley entered into a relationship and had three children; McCoy Brimley, who is now in excess of 25 years old; David Lee Brimley, who is now in excess of 24 years old; and Shirley Marie Brimley, who is now in excess of 22 years old. Said children are the illegitimate children of the deceased plaintiff, but are not in any way dependent upon the plaintiff nor were they dependent upon him at the time of his death or at any time prior thereto.

3. The deceased plaintiff never married anyone . . . .

4. No one was wholly dependent or partially dependent upon the deceased at the time of his injury and death on December 12, 1985.

\* \* \* \*

6. Among others, Margaret Knight and Bricy Devreaux are the sister and brother of the plaintiff respectively. There are other brothers and sisters of the deceased plaintiff although their identity is unclear from the record.

\* \* \* \*

BRIMLEY v. ERNEST PAIT LOGGING

[93 N.C. App. 467 (1989)]

CONCLUSIONS OF LAW

* * * *

3. McCoy Brimley, David Lee Brimley and Shirley Marie Brimley are the adult acknowledged illegitimate children of the deceased, however, at the time of the deceased plaintiff's death, they were not in any way wholly or partially dependent upon the deceased. Consequently, these named individuals are not children within the meaning of the Workers' Compensation Statute, North Carolina General Statutes § 97-2(12). They are, therefore, not entitled to compensation herein. North Carolina General Statutes § 97-38, 97-39, and 97-40.

* * * *

5. Febbie Bishop Gray, although the natural mother of the deceased plaintiff, abandoned the deceased plaintiff at a young age and never resumed the parental relationship. Her willful abandonment of the deceased plaintiff excludes her from benefits under the North Carolina Workers' Compensation Act. North Carolina General Statutes § 97-40.

6. Margaret Knight and Bricy Devreaux are the sister and brother of the deceased plaintiff respectively and as such are along with any other brothers and sisters the next of kin of the deceased and are entitled to all the compensation owed in this case. North Carolina General Statutes § 97-38, 97-40, 29-15 and 29-16.

The Brimleys appeal from the decision of the Full Commission.

*Leahy and Moore, by Charles A. Moore, for appellee Febbie Bishop Gray.*

*Gene Collinson Smith for appellees Ernest Pait Logging and Hewitt, Coleman & Associates, Inc.*

*Pritchett, Cooke & Burch, by David J. Irvine, Jr. and William W. Pritchett, Jr., for appellants.*

ARNOLD, Judge.

At the outset we note that claimants' brief is not in the form required by N.C. Rule Appellate Procedure § 28(b)(1):

An appellant's brief in any appeal shall contain, under appropriate headings, and in the form prescribed by Rule 26(g) . . .

>  (1) A table of contents and table of authorities required by Rule 26(g).

N.C. Rule Appellate Procedure 26(g) reads in pertinent part:

>  All documents presented to either appellate court other than records on appeal . . . shall, unless they are less than 5 pages in length, be preceded by a subject index of the matter contained therein, with page references, and a table of authorities, i.e., cases (alphabetically arranged), constitutional provisions, statutes, and text books cited, with references to the pages where they are cited.

These rules enable this Court to work efficiently in its effort to meet the demands of all litigants. Though we waive the requirements of these rules in this instance, we fully expect counsel to comply in the future.

The sole question for decision is whether adult illegitimate children, who cannot show compliance with the requirements of N.C.G.S. § 29-19 of the intestate succession act, are "next of kin" as defined in N.C.G.S. § 97-40. We hold that they are not.

When reviewing an order of the Industrial Commission this Court is "limited to questions of law, whether there was competent evidence before the Commission to support its findings of fact and whether such findings justify the legal conclusions and decisions of the Commission." *Carpenter v. Tony Hawley, Contractors,* 53 N.C. App. 715, 717-18, 281 S.E. 2d 783, 785, *disc. rev. denied,* 304 N.C. 587, 289 S.E. 2d 564 (1981). In its Conclusion of Law numbered (3) the Full Commission found that the Brimley children were acknowledged illegitimates, but relied on the definition of child in N.C.G.S. § 97-2(12) and determined that the Brimleys "were not in any way wholly or partially dependent upon the deceased. Consequently these named individuals are not children within the Workers' Compensation Statutes." We find sufficient evidence to support the Commission's finding that the Brimleys were the acknowledged illegitimate children of the decedent. Though we affirm the opinion and award of the Full Commission, we do not agree that the question of dependency is controlling here.

N.C.G.S. § 97-40 sets out who shall receive payment of compensation in the *absence* of dependents. The Commission's reliance on N.C.G.S. § 97-2(12) to interpret who shall take payment of compensation in the absence of dependents as set out in N.C.G.S. § 97-40 is misplaced. *Stevenson v. City of Durham*, 281 N.C. 300, 188 S.E. 2d 281 (1972). In that case the Supreme Court found that the General Assembly intended "to remove requirements of dependency, age and marital status from the definition of next of kin" in N.C.G.S. § 97-40. *Id.* at 303-04, 188 S.E. 2d at 283. Therefore, the question of dependency is entirely irrelevant to the question of who takes under N.C.G.S. § 97-40.

This case is also unlike *Carpenter*, which resolved when a minor, dependent, illegitimate may take under N.C.G.S. § 97-2(12). When construing a case which involves dependents we said:

> [F]or the limited purpose of establishing who is entitled to the compensation payable under North Carolina's Workers' Compensation Act, the Industrial Commission has the authority to make a determination as to the paternity of an illegitimate child.

*Carpenter* at 718, 281 S.E. 2d at 785. In *Carpenter*, the question presented was whether the illegitimate minor daughter was "acknowledged" within the meaning of N.C.G.S. § 97-2(12). In that case it was argued that "[b]y using the word 'acknowledged' . . . the legislature intended to require that an illegitimate child's status be established in a written instrument or judicial proceeding." *Id.* at 720, 281 S.E. 2d at 786. The *Carpenter* court disagreed, concluding that in "paternity actions, the term 'acknowledgment' generally has been held to mean the recognition of a parental relation, either by written agreement, verbal declarations or statements, by the life, acts, and conduct of the parties, or any other satisfactory evidence that the relation was recognized and admitted." *Id.*

However, for purposes of N.C.G.S. § 97-40 the status of an illegitimate child, who is not a dependent, must be established by the more formal means required by the intestacy statute.

In pertinent part N.C.G.S. § 97-40 reads:

> [I]f the deceased employee leaves neither whole nor partial dependents, then the compensation which would be payable under G.S. 97-38 to whole dependents shall be commuted to its present value and paid in a lump sum to the next of kin

as herein defined. For purposes of this section and G.S. 97-38, *"next of kin" shall include only child, father, mother, brother or sister of the deceased employee, including adult children* or adult brothers or adult sisters of the deceased, but excluding a parent who has willfully abandoned the care and maintenance of his or her child and who has not resumed its care . . . . For all such next of kin who are neither wholly nor partially dependent upon the deceased employee and who take under this section, *the order of priority among them shall be governed by the general law applicable to the distribution of the personal estate of persons dying intestate.* (Emphasis added.)

This last, emphasized, portion of the statute is controlling. In this instance, where there is an *absence of dependents*, the legislature has commanded that "the order of priority . . . shall be governed by the *general law applicable*" to intestate estates. We interpret this broad phrase to encompass not only the shares and priority of distribution outlined in N.C.G.S. §§ 29-15, 29-16, but also the mandates of N.C.G.S. § 29-19:

(b) For purposes of intestate succession, an illegitimate child shall be entitled to take by, through and from:

(1) Any person who has been finally adjudged to be the father of such child pursuant to the provisions of G.S. 49-1 through 49-9 or the provisions of G.S. 49-14 through 49-16;

(2) Any person who has acknowledged himself during his own lifetime and the child's lifetime to be the father of such child in a written instrument executed or acknowledged before a certifying officer named in G.S. 52-10(b) and filed during his own lifetime and the child's lifetime in the office of the clerk of superior court of the county where either he or the child resides.

The Brimleys have not shown evidence of compliance with N.C.G.S. § 29-19, therefore for purposes of N.C.G.S. § 97-40 they are not "next of kin."

We are not unsympathetic to the Brimleys' position, however the statute leaves us no choice but to conclude that the opinion and award of the Full Commission must be

Affirmed.

Judges JOHNSON and PHILLIPS concur.