The blood test ordered by the Commission showed that Bobby Fitzgerald Holland was the biological child of decedent/employee. No question has been raised as to its authenticity. Consequently, it is ORDERED that the report of this test, dated May 2, 1994 is admitted into the record.
By letter to the Commission dated June 7, 1994, in light of the results of the blood tests performed pursuant to the Commission's order entered March 17, 1994, the appellant-widow conceded the paternity and dependency of the minor Bobby Holland. The only issues remaining are acknowledgment, the exclusion of testimony regarding the acknowledgment issue on the basis of hearsay, and the award of benefits to the child beyond his minority.
The "acknowledgment" of paternity of illegitimate children required by N.C. Gen. Stat. § 97-2(12) generally has been held to mean the recognition of a parental relation, either by written agreement, verbal declarations or statements, by the life, acts, and conduct of the parties, or any other satisfactory evidence that the relationship was recognized and admitted. Carpenter v.Hawley Contractors, 53 N.C. App. 715, 720, 281 S.E.2d 783 (1981). In this case, the conduct of the parties and other satisfactory evidence shows that the relation was recognized.
The Industrial Commission, in its discretion, may relax the formal rules of evidence to receive and consider hearsay testimony, together with more reliable evidence, although it is not competent to alone support findings of ultimate facts. Maleyv. Thomasville Furniture Co., 214 N.C. 589, 594, 200 S.E.2d 438
(1939); Plyer v. Charlotte Country Club, 214 N.C. 453, 455,199 S.E. 622 (1938). In light of the fact that there is now scientific evidence to the contrary regarding paternity, the double hearsay testimony the widow wished to have admitted has little probative value. Testimony refuting acknowledgment did get into evidence through witnesses' statements that decedent had denied paternity. Under these circumstances the subject testimony was properly excluded.
A child of a deceased employee who, at the time of the death, is under 18 years of age is conclusively presumed to be dependent, and is entitled to receive benefits for the longer of 400 weeks or until attaining majority. N.C. Gen. Stat. §§ 97-2(12), 97-38 and97-39. Allen v. Piedmont Transport Services, Inc. of NorthCarolina, 116 N.C. App. 234, 447 S.E.2d 835 (1994). Bobby Fitzgerald Holland was fifteen at the time of his father's death and is entitled to share in the benefit during the full 400 weeks of compensation.
Upon review of all the competent evidence of record with reference to the errors assigned, and finding no good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or make significant amendment to the hearing Deputy's award, other than additions to Finding of Fact 2, 3 and 5, the Full Commission AFFIRMS and ADOPTS, as modified, from the Opinion and Award of the Deputy Commissioner the following FINDINGS OF FACT:
The following were entered into by the parties at the hearing before the Deputy Commissioner as
STIPULATIONS
1. On or about October 24, 1991, decedent, Bobby J. Jackson was killed in an accident arising out of and in the course of his employment. On or about October 24, 1991, decedent was employed by defendant-employer, James Garner d/b/a Garner Logging earning an average weekly wage of $353.92. Decedent's compensation rate is $235.96.
2. On or about October 24, 1991, the parties were subject to and bound by the provision of the North Carolina Workers' Compensation Act and Continental Loss Adjusting was the workers' compensation carrier for defendant-employer.
3. Following the hearing before the deputy commissioner, a certified copy of the marriage certificate between decedent and Betty A. Scott was received into evidence as Stipulated Exhibit #1.
*********
Based upon all of the competent credible evidence of record, the Full Commission makes the following additional
FINDINGS OF FACT
1. At the time of his death on October 24, 1991, decedent, Bobby J. Jackson, was married to Betty Jackson, whom he had married on August 1, 1987, and they were living together as husband and wife.
2. Prior to his marriage to Betty Jackson, plaintiff had dated Janet Holland Wilson Holmes, who became pregnant with decedent's child, Bobby Fitzgerald Holland, born July 2, 1976. A blood test performed pursuant to an order of the Full Commission entered March 17, 1994 and the results notarized on May 12, 1994 confirms that the decedent was the father of Bobby Fitzgerald Holland.
3. After the birth of Bobby Fitzgerald Holland, decedent visited Ms. Holmes and Bobby Fitzgerald Holland, the baby, at the hospital every day through her stay and carried Ms. Holmes home from the hospital following her delivery of Bobby Fitzgerald Holland. Bobby Fitzgerald Holland was a premature baby and the decedent visited him at the hospital, driving and accompanying Ms. Holmes. Decedent provided support for Bobby Fitzgerald Holland by giving his mother money; paying for his dental care and haircuts; providing him with an allowance; buying him clothes and other items including Christmas and birthday presents; and furnishing him with money for church services, choir robes, a church-related activity trip to Georgia, athletic fees, and other activities. Ms. Holmes stated that she never needed child support through the system because the decedent took care of her son. Bobby Fitzgerald Holland spent the night over at decedent's house many times prior to decedent's marriage to Betty Scott Jackson. Decedent regularly visited with Bobby Fitzgerald Holland; and, when Bobby Fitzgerald Holland was in trouble with the police, decedent went to the Fuquay-Varina Police Station on his behalf.
4. Although decedent and Janet Holland Wilson Holmes were never married, decedent by his actions and conduct acknowledged his paternity of the child, Bobby Fitzgerald Holland. Carpenterv. Hawley Contractors, 53 N.C. App. 715, 281 S.E.2d 783 (1981).
5. Decedent, Bobby Jackson, was also the father of Melissa Kay Adams, 27, who is the daughter of Judy Carol Adams. Although decedent and Judy Carol Adams were never married, decedent acknowledged that he was the father of Melissa Kay Adams, regularly giving money to Melissa Kay Adams prior to his death. However, at the time of his death, Melissa Kay Adams was not wholly dependent on the decedent for support as she was employed and earning approximately $900.00 monthly. She was only partially dependent upon the decedent at the time of his death, as she was then receiving approximately $100.00 per month from decedent.
6. Melissa Kay Adams always treated Bobby Fitzgerald Holland as her halfbrother when she would see him at decedent Bobby Jackson's residence. Both she and Bobby Fitzgerald Holland were listed as children of the decedent in the decedent's obituary.
7. As decedent's widow, Betty Jackson is conclusively presumed to be wholly dependent for support upon the decedent. N.C. Gen. Stat. § 97-39.
8. An acknowledged illegitimate minor child is a dependent of his or her deceased employee/father under the act. Lippard v.Southeastern Express Co., 207 N.C. 507, 177 S.E. 801 (1935); See also, Carpenter v. Hawley Contractors, 53 N.C. App. 715 (1981). Bobby Fitzgerald Holland is the acknowledged illegitimate minor child of the decedent and is therefore conclusively presumed to be wholly dependent for support upon the decedent.
*********
Based on the foregoing findings of fact, the Full Commission makes the following additional
CONCLUSIONS OF LAW
1. On October 24, 1991, the deceased-employee sustained an injury by accident arising out of and in the course of his employment with the defendant-employer which proximately resulted in his death. As a result, the dependents of the deceased-employee are entitled to benefits pursuant to the provisions of N.C. Gen. Stat. § 97-38.
2. There being surviving whole dependents, Melissa Kay Adams, being only partially dependent on the decedent at the time of his death, is not entitled to receive compensation benefits pursuant to the provisions of N.C. Gen. Stat. § 97-38.
3. Betty Jackson and Bobby Fitzgerald Holland, as the persons wholly dependent upon the decedent at the time of his death, are entitled to equal shares of the weekly payments of compensation due by reason of his death. N.C. Gen. Stat. § 97-38.
4. The benefits of $235.96 per week shall be payable in equal one-half shares of $117.98 per week to Betty Jackson, widow, and Bobby Fitzgerald Holland, acknowledged illegitimate child, for four hundred weeks.
*********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following
AWARD
1. The defendants shall pay to Betty Jackson, widow, compensation at the rate of $117.98 per week for four hundred weeks beginning October 24, 1991. Such compensation as has accrued shall be paid in a lump sum, without commutation, subject to the attorneys' fees hereinafter approved.
2. Defendants shall pay to Bobby Fitzgerald Holland, compensation at the rate of $117.98 per week for four hundred weeks beginning October 24, 1991. Such compensation as has accrued shall be paid in a lump sum, subject to the attorney fees hereinafter approved.
3. Considering the time expended, the services provided, and the complexity of the issues involved, reasonable attorneys' fees are hereby approved in the amount of $5,500.00 for Mr. Donald B. Ford and Mr. William Marshall, former counsel for Betty Jackson; $5,500.00 for Mr. Earle Purser, counsel for Bobby Fitzgerald Holland; and, $2,500 for Hendrick Rhodes, current counsel for Betty Jackson, provided that any amount by which said sum exceeds that called for in their contract — which has not been submitted to the Commission — shall be refunded to Ms. Jackson. Said fees shall be deducted from the awards of accrued compensation benefits payable to Betty Jackson and Bobby Fitzgerald Holland as set forth in Paragraphs 1 and 2, respectively, of this Award and forwarded directly to said counsel.
4. Defendants shall pay burial expenses not exceeding $2,000.00 to the person or persons entitled thereto.
5. Defendants shall pay the costs.
 S/ _____________ J. RANDOLPH WARD COMMISSIONER
CONCURRING:
S/ __________________ COY M. VANCE COMMISSIONER
S/ __________________ FORREST H. SHUFORD II SPECIAL DEPUTY COMMISSIONER