The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Margaret Morgan. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award.
* * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. The parties are properly before the Industrial Commission ("the Commission") and the Commission has jurisdiction over the parties and the subject matter.
2. All parties are correctly designated and all possible claimants known to all parties are properly before the Commission.
3. The employee, Lloyd Earl Gaskins, Jr. ("the decedent"), was killed by accident in the course and scope of his employment with the defendant-employer on July 23, 1994 while driving a transfer truck.
4. The decedent's average weekly wage at the time was $458.52.
5. The plaintiffs Lloyd Earl Gaskins, Sr. and Sandra Gaskins are the parents of the decedent.
6. At the time of his death, the decedent was lawfully married to the plaintiff Laura Buck Gaskins. They were married on February 14, 1993 and were separated on February 24, 1993, living together as husband and wife for ten days.
* * * * * * * * * * *
The Full Commission adopts the finding of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. At the time of the decedent's death, the plaintiff Laura Buck Gaskins was neither living with the decedent nor dependent upon him for any support.
2. At the time of the decedent's death, the decedent and plaintiff Laura Buck Gaskins were living separate and apart pursuant to a written separation agreement signed by the plaintiff Laura Buck Gaskins in which she waived any right for support.
3. The minor plaintiff Michael Edward Carawan was born December 18, 1993. His mother is the plaintiff Laura Buck Gaskins. The decedent did not have access to the plaintiff Laura Buck Gaskins and did not have sexual relations with her at a time when conception could have occurred. Instead, the plaintiff Laura Buck Gaskins had sexual relations only with Jimmy Guice at a time when conception could have occurred. The decedent was not the father of the minor plaintiff Michael Edward Carawan.
4. At the time of the decedent's death, he had no children.
5. At the time of the decedent's death, there were no persons wholly or partially dependent upon him for support.
6. The plaintiffs Lloyd Earl Gaskins, Sr. and Sandra Gaskins are the parents of the decedent.
7. The plaintiffs Lloyd Earl Gaskins, Sr. and Sandra Gaskins incurred burial expenses in an amount in excess of $2,000 as a result of the decedent's death.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. The plaintiff Laura Buck Gaskins is not a widow as defined in N.C.G.S. § 97-2(14) and is thus not entitled to receive any workers' compensation death benefits under N.C.G.S. § 93-38 to -39.
2. At the time of his death, the decedent had no children and no persons wholly or partially dependent upon him for support. N.C.G.S. §§ 97-2(12), -38. See Wake County v. Green, 53 N.C. App. 26,279 S.E.2d 901 (1981); Carpenter v. Tony E. Hawley,Contractors, 53 N.C. App. 715, 281 S.E.2d 783 (1981), disc. rev.denied, 304 N.C. 587, 289 S.E.2d 564 (1981).
3. The plaintiffs Lloyd Earl Gaskins, Sr. and Sandra Gaskins are the decedent's next of kin and are thus entitled to receive workers' compensation death benefits commuted to present value under N.C.G.S. § 97-38 to -40.
4. The plaintiffs Lloyd Earl Gaskins, Sr. and Sandra Gaskins are entitled to be reimbursed for burial expenses in the amount of $2,000. N.C.G.S. § 97-38.
* * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. The defendants shall pay to the plaintiffs Lloyd Earl Gaskins, Sr. and Sandra Gaskins, in a lump sum to share and share alike, the commuted value of 400 weeks of compensation calculated upon a compensation rate of $305.69 per week.
2. The defendants shall pay to the plaintiffs Lloyd Earl Gaskins, Sr. and Sandra Gaskins burial expenses in the amount of $2,000.
3. The defendants shall pay the costs.
FOR THE FULL COMMISSION
 S/ ________________________ COY M. VANCE COMMISSIONER
CONCURRING:
S/ ________________________ THOMAS J. BOLCH COMMISSIONER
S/ ________________________ DIANNE C. SELLERS COMMISSIONER
CMV/cnp/mj 11/4/96