I respectfully dissent from the majority's findings of fact and conclusions of law that Mathew Kali Askin Garvey is the posthumous child of the deceased employee, Kali Askiri Garvey. In order to receive death benefits, an individual must meet the statutory definition of "child" as defined in N.C. Gen. Stat. § 97-2(12). The minor child herein has failed to prove that he is the child of the decedent.
The majority relies upon the Final Order for Name Change from the Superior Court in Fulton County, Georgia as proof that the minor child at issue is the posthumous child of the deceased. However, this non-adversarial proceeding is not sufficient to establish these facts. Specifically, the Court of Appeals found in the case of Tucker v. City ofClinton, 120 N.C. App. 776, 782, 463 S.E.2d 806,811 (1995), that a county clerk order legitimating a child in a non-adversarial proceeding was insufficient to provide proof of paternity for the Industrial Commission, stating "the Commission should have made such reasonable foundational inquiries necessary to ensure the Order contained a reasonably modicum of trustworthiness." In the instant case, the name change was a non-adversarial procedure performed by filing a form with the Georgia Clerk. There is no evidence that any testimony was presented or that there was an opportunity for cross examination. Moreover, no scientific evidence was presented to confirm the assumption and the representation to the clerk that the minor child was in fact the biological son of the deceased. The Court in Tucker further stated that "evidence of the facts within the clerk's Order may be tendered to the Commission, but those facts must be individually proven, and not "bootstrapped" facts from the Order itself." Id. 783. The majority's conclusion that the Full Faith and Credit Clause applies to the name change order which lists the decedent as the "natural father" of the minor child is not based upon competent evidence because the majority has "bootstrapped" facts from a perfunctory order based on a non-adversarial proceeding. Significantly, the majority fails to conduct an analysis of the underlying facts and procedure, which is contrary to the holding inTucker.
Furthermore, the majority has incorrectly placed the burden on defendant to disprove that the minor child is the child of the decedent. The DNA evidence presented by the defendant revealed 0% probability of grandparentage between the minor child and the parents of the deceased. Plaintiff discredits the DNA evidence by arguing that there is no evidence that the Garveys are the natural parents of the deceased employee. However, in the evidentiary record, the deceased is described as the Garvey's son and there is no mention of the possibility that the deceased was the natural child or adopted child of the Garveys. Further, the Garveys agreed to undergo the DNA testing. If there were a question as to their parentage of the deceased, logic dictates that they would have revealed so at the time. It was only after the introduction of the DNA evidence that the minor plaintiff makes the argument that the deceased may not have been the biological son of the Garveys. In the interest of justice this matter could be resolved by the submission of the Garveys' affidavit or deposition. Consequently, if the deceased was in fact their natural child, then based on the DNA evidence presented the minor child would not be the decedent's illegitimate post-humous child.
Moreover, even if the minor plaintiff proves that he is in fact the illegitimate post-humous child of the decedent, the minor plaintiff also has the burden to prove that he was acknowledged by decedent before his death by decedent's actions, statements or conduct. Carpenter v. Hawley,53 N.C. App. 715, 718, 281 S.E.2d 783, 786-87 (1981). Only decedent's mother testified in this matter and decedent did not inform her of the impending birth but merely stated that he must go to Atlanta for "something important". This statement is insufficient under the law to show acknowledgment.
Thus, I must dissent from the majority's findings of fact and conclusions of law that Mathew Kali Askin Garvey is the posthumous child of the deceased employee, Kali Askiri Garvey and would hold that the Garveys are the proper beneficiary as next of kin under the statute.
 S/_______________ DIANNE C. SELLERS COMMISSIONER