***********
Upon review of the competent evidence of record, with reference to the errors assigned, and finding no good grounds to receive further evidence, or to rehear the parties or their representatives, the Full Commission, upon reconsideration of the evidence, affirms the Opinion and Award of the Deputy Commissioner, with modifications, and enters the following Opinion and Award.
 *********** ORDER *Page 2 
The Full Commission hereby VACATES the December 13, 2006 Opinion and Award of former Deputy Commissioner Morgan S. Chapman. However, the transcript of the hearing before Deputy Commissioner Chapman is admitted into the record of these proceedings as stipulated to by the parties.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which the parties entered into in their Pre-trial Agreement and at the hearing as:
 STIPULATIONS
1. This claim arises from an admittedly compensable injury by accident arising out of and in the course and scope of the employment of Jesse Ray Smith (hereinafter referred to as "Deceased Employee") with Defendant-Employer on June 14, 2005, resulting in his death.
2. The parties are properly before the North Carolina Industrial Commission, and the North Carolina Industrial Commission has jurisdiction of the parties and of the subject matter of these proceedings.
3. The parties are correctly designated, and there is no question as to the mis-joinder or the non-joinder of any party.
4. An employment relationship existed between the parties at the time of Deceased Employee's death.
5. Defendant-Carrier provided workers' compensation insurance coverage to Defendant-Employer on or about June 14, 2005.
6. Deceased Employee's compensation rate was $295.52.
7. Defendant-Carrier paid $3,500.00 for funeral expenses to Brown Funeral Home on behalf of Deceased Employee. *Page 3 
8. The entire contents of the North Carolina Industrial Commission file is in evidence, including, but not limited to all completed forms without further identification or proof, as well as the Full Commission transcript of evidence.
9. All medical records, if any, are in evidence without further identification or proof, and a complete set of medical records will be provided at the hearing before the Deputy Commissioner, or following the hearing, provided that each party has the right to take the deposition of any physician who treated or examined the Deceased Employee within 60 days after the hearing, or any greater time if so allowed by the North Carolina Industrial Commission.
10. Plaintiffs' discovery responses and attached documentation shall be admitted into evidence without further identification or proof.
11. The parties stipulated to the following document being admitted into evidence as Stipulated Exhibit One (1) — Pre-trial Agreement as modified and initialed by the parties.
12. The parties stipulated to the following documents being admitted into evidence as Stipulated Exhibit Two (2) — North Carolina Industrial Commission forms and filings, miscellaneous birth, death, and marriage certificates, and discovery responses.
13. The parties stipulated to the following documents being admitted into evidence as Stipulated Exhibit Three (3) — Form 19 dated June 14, 2006, Ayden Elementary School form, Social Security Administration documents, and photographs.
 *********** ISSUES
The issues to be determined are: who are the proper beneficiaries to receive Deceased Employee's workers' compensation death benefits, and to what benefits are the beneficiaries entitled, if any? *Page 4 
 ***********
Based upon the competent and credible evidence of record, as well as any reasonable inferences that may be drawn therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. Former Deputy Commissioner Morgan S. Chapman originally heard this matter, and filed an Opinion and Award on December 13, 2006. Plaintiff Dorothy Newsome, the Guardian Ad Litem for the minor children Jeforest Matthew Newsome and Raylgin Clevez Newsome, appealed Deputy Commissioner Chapman's December 13, 2006 Opinion and Award. On August 23, 2007, the Full Commission filed an Opinion and Award remanding the matter to the Deputy Commissioner level for a hearing de novo on the grounds that the minor children Jeforest Matthew Newsome and Raylgin Clevez Newsome did not have a GuardianAd Litem appointed until the day of the hearing before former Deputy Commissioner Chapman.
2. Deceased Employee died as the result of a June 14, 2005 work accident that Defendants admitted as compensable. Plaintiff Wanda Smith (hereinafter referred to as "Plaintiff Widow") and Deceased Employee got married on June 10, 1975, and though still married, were not living together as husband and wife as of the June 14, 2005 work accident resulting in Deceased Employee's death. Although Deceased Employee provided financial support to Plaintiff Widow and continued to have sexual relations with her, he committed misconduct toward her by acting violently while drinking, which ultimately lead to their separation. Plaintiff Widow and Deceased Employee had a child who pre-deceased them and an adult child who was not a dependent of Deceased Employee as of the June 14, 2005 work accident. According to Plaintiff Widow, she and Deceased Employee discussed reconciliation of their marriage shortly before Deceased Employee's June 14, 2005 work accident. *Page 5 
3. Ms. Deborah Newsome is the mother of the minor children Jeforest Matthew Newsome, born March 28, 1999, and Raylgin Clevez Newsome, born September 7, 2000. Plaintiff Dorothy Newsome is the mother and legal guardian of Ms. Deborah Newsome, who receives Social Security Disability benefits due to a mental condition. Plaintiff Dorothy Newsome is also the Guardian Ad Litem for the minor children Jeforest Matthew Newsome and Raylgin Clevez Newsome. Plaintiff Dorothy Newsome and Ms. Deborah Newsome contend that Deceased Employee fathered the minor children Jeforest Matthew Newsome and Raylgin Clevez Newsome, and that Deceased Employee both acknowledged paternity of these children and provided financial support to them.
4. Ms. Deborah Newsome and Deceased Employee never married. Deceased Employee's name does not appear on the birth certificates of either of the minor children Jeforest Matthew Newsome or Raylgin Clevez Newsome. In addition, Ms. Deborah Newsome never instituted any type of child support proceedings against Deceased Employee on behalf of the minor children Jeforest Matthew Newsome or Raylgin Clevez Newsome.
5. According to Ms. Deborah Newsome, she refused DNA testing in order to determine whether Deceased Employee fathered the minor children Jeforest Matthew Newsome and Raylgin Clevez Newsome because she "did not have the money." As a result, there is no scientific evidence to support the contention that Deceased Employee fathered the minor children Jeforest Matthew Newsome and Raylgin Clevez Newsome. Further, there is no reliable documentation establishing that Deceased Employee fathered the minor children Jeforest Matthew Newsome and Raylgin Clevez Newsome.
6. The record contains hundreds of pages of documents from the Pitt County Department of Social Services wherein Ms. Deborah Newsome indicates that a different man by *Page 6 
the name of Mr. Rayshawn Green fathered the minor children Jeforest Matthew Newsome and Raylgin Clevez Newsome, and claims that Deceased Employee was an "unrelated" acquaintance who always resided in a different household. The Pitt County Department of Social Services documents also indicate that Ms. Deborah Newsome received no support of any kind from the father of the minor children Jeforest Matthew Newsome and Raylgin Clevez Newsome. In fact, the Pitt County Department of Social Services documents indicate that the minor children Jeforest Matthew Newsome and Raylgin Clevez Newsome have been receiving welfare benefits since their birth through both Plaintiff Dorothy Newsome and Ms. Deborah Newsome in order to provide for their subsistence. The Full Commission gives great weight to the information contained within the Pitt County Department of Social Services documents in determining whether Deceased Employee is the father of the minor children Jeforest Matthew Newsome and Raylgin Clevez Newsome.
7. Plaintiff Dorothy Newsome made statements inconsistent with the Pitt County Department of Social Services documents. Plaintiff Dorothy Newsome signed her name on documentation contained in the Pitt County Department of Social Services documents stating that she had to buy clothes and other items for the minor children Jeforest Matthew Newsome and Raylgin Clevez Newsome because they received no support from their father. However, Plaintiff Dorothy Newsome testified that Deceased Employee sometimes bought clothes and food for the minor children Jeforest Matthew Newsome and Raylgin Clevez Newsome. In addition, Plaintiff Dorothy Newsome had to repay welfare benefits she received on behalf of the minor children Jeforest Matthew Newsome and Raylgin Clevez Newsome because she did not disclose that she had a full-time job while receiving the benefits. Further affecting the credibility of Plaintiff Dorothy Newsome is her testimony that she heard Deceased Employee speak to her *Page 7 
regarding "his children," referring to the minor children Jeforest Matthew Newsome and Raylgin Clevez Newsome, after his death.
8. Ms. Deborah Newsome also made statements conflicting with the Pitt County Department of Social Services documents. Ms. Deborah Newsome made previous statements that she and Deceased Employee lived together, along with the minor children Jeforest Matthew Newsome and Raylgin Clevez Newsome, for some time prior the June 14, 2005 work accident. Further, Ms. Deborah Newsome testified that she was not truthful with the Pitt County Department of Social Services when she told them that Mr. Green was the father of the minor children Jeforest Matthew Newsome and Raylgin Clevez Newsome, that she made these statements in order to fraudulently obtain welfare services, and that she has a criminal record.
9. The Full Commission finds that the testimony of Plaintiff Dorothy Newsome regarding the paternity of the minor children Jeforest Matthew Newsome and Raylgin Clevez Newsome should be given little weight. The Full Commission further finds that the testimony of Ms. Deborah Newsome should be given little weight with respect to the paternity of the minor children Jeforest Matthew Newsome and Raylgin Clevez Newsome.
10. The Full Commission finds, based upon the greater weight of the evidence, that Deceased Employee never legally or formally acknowledged the minor children Jeforest Matthew Newsome and Raylgin Clevez Newsome as his children. In fact, the testimony at the hearings before both former Deputy Commissioner Chapman and Deputy Commissioner Rowell, as well as the documentary evidence, including the Pitt County Department of Social Services documents, establishes by the greater weight that Deceased Employee did not acknowledge the minor children Jeforest Matthew Newsome and Raylgin Clevez Newsome as his children. There are no checks, receipts, or any other written documentation either authored by or attributed to *Page 8 
Deceased Employee which indicate that he ever claimed to be the father of the minor children Jeforest Matthew Newsome and Raylgin Clevez Newsome, nor is there any credible evidence that Deceased Employee provided any substantial financial support for these children.
11. The record does contain an unsigned 1999 federal income tax return for Deceased Employee wherein he lists the minor child Jeforest Matthew Newsome as a dependent, and an unsigned 2003 federal income tax return for Deceased Employee wherein he lists the minor child Raylgin Clevez Newsome as a dependent. However, on both of these federal income tax returns Deceased Employee's adult brother, who did not live with him, is also listed as a dependent. The Full Commission gives little weight to either the unsigned 1999 federal income tax return or the unsigned 2003 federal income tax return for Deceased Employee as evidence that he fathered the minor children Jeforest Matthew Newsome and Raylgin Clevez Newsome.
12. The record also contains Social Security Administration documents indicating that the minor children Jeforest Matthew Newsome and Raylgin Clevez Newsome are receiving Social Security survivor benefits through Deceased Employee. However, the Social Security Administration's determination as to who should receive Deceased Employee's Social Security survivor benefits is not controlling in this proceeding.
13. The Full Commission finds, based upon the greater weight of the evidence, that Deceased Employee was not the father of the minor children Jeforest Matthew Newsome and Raylgin Clevez Newsome. The Full Commission further finds that the minor children Jeforest Matthew Newsome and Raylgin Clevez Newsome were not dependent upon Deceased Employee for financial support. In the absence of any scientific evidence establishing that Deceased Employee fathered the minor children Jeforest Matthew Newsome and Raylgin Clevez Newsome, credible documentary evidence of acknowledgment of paternity during Deceased *Page 9 
Employee's lifetime, and/or documentation of Deceased Employee's financial support of these children, they are not entitled to receive Deceased Employee's workers' compensation death benefits under N.C. Gen. Stat. § 97-38. No weight is given to Ms. Deborah Newsome's claim after the death of Deceased Employee that he is the father of the minor children Jeforest Matthew Newsome and Raylgin Clevez Newsome in order to receive workers' compensation death benefits when all during his lifetime she declared that he was not the father of these children in order to receive welfare benefits for their subsistence.
14. The Full Commission finds, based upon the greater weight of the evidence, that
Plaintiff Widow was the lawful spouse of Deceased Employee at the time of the June 14, 2005 work accident resulting in his death, that Deceased Employee provided financial support to Plaintiff Widow, upon which she was dependent, and that Deceased Employee's misconduct resulted in his separation from Plaintiff Widow. The Full Commission further finds that as Deceased Employee's lawful spouse at the time of the June 14, 2005 work accident resulting in his death, Plaintiff Widow is entitled to a presumption of dependency under N.C. Gen. Stat. § 97-39.
15. The Full Commission finds, based upon the greater weight of the evidence, that Deceased Employee's surviving child at the time of the June 14, 2005 work accident resulting in his death was above the age of 18, and is thus not entitled to a presumption of dependency under N.C. Gen. Stat. § 97-39.
16. The Full Commission finds, based upon the greater weight of the evidence, that since Deceased Employee had no other lawful dependents at the time of the June 14, 2005 work accident resulting in his death other than Plaintiff Widow, that Plaintiff Widow is the sole beneficiary of Deceased Employee's workers' compensation death benefits. *Page 10 
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. Deceased Employee sustained a compensable injury by accident arising out of and in the course and scope of his employment with Defendant-Employer on June 14, 2005 which resulted in his death. N.C. Gen. Stat. § 97-2(6) (2008).
2. Plaintiff Widow was the lawful spouse of Deceased Employee at the time of the June 14, 2005 work accident resulting in his death. Deceased Employee provided financial support to Plaintiff Widow, upon which she was dependent, and Deceased Employee's misconduct resulted in his separation from Plaintiff Widow. As Deceased Employee's lawful spouse at the time of the June 14, 2005 work accident resulting in his death, Plaintiff Widow is entitled to a presumption of dependency. N.C. Gen. Stat. § 97-39 (2008).
3. Deceased Employee's surviving child at the time of the June 14, 2005 work accident resulting in his death was above the age of 18, and is thus not entitled to a presumption of dependency. N.C. Gen. Stat. § 97-39 (2008).
4. N.C. Gen. Stat. § 97-2(12) defines a child, in pertinent part, as an ". . . acknowledged illegitimate child dependent
upon the deceased. . . ." (Emphasis added.) N.C. Gen. Stat. § 97-2(12) (2008). Only such a child that meets that definition may receive workers' compensation death benefits. Although a formal declaration before an authorized official is not necessary to demonstrate acknowledgment of paternity of an illegitimate child, evidence in the form of a written agreement, verbal declarations or statements, the life, acts, and conduct of the parties to the proceedings, or any other satisfactory evidence that the deceased employee *Page 11 
recognized and admitted paternity is required. Carpenter v. HawleyContractors, 53 N.C. App. 715, 281 S.E.2d 783 (1981). In addition, in order for illegitimate children to recover workers' compensation death benefits, there must be sufficient evidence that the deceased employee actually supported the children at the time of the deceased employee's death. Hewett v. S.W.Garrett, 1 N.C. App. 234, 161 S.E.2d 157 (1968).
5. In the case at bar, the documentary evidence, including the Pitt County Department of Social Services documents, establishes that Deceased Employee expressly refused to acknowledge the minor children Jeforest Matthew Newsome and Raylgin Clevez Newsome as his children. There are no checks, receipts, or any other written documentation either authored by or attributed to Deceased Employee which indicate that he ever claimed to be the father of the minor children Jeforest Matthew Newsome and Raylgin Clevez Newsome.
6. Even assuming that Deceased Employee was the acknowledged father of the minor children Jeforest Matthew Newsome and Raylgin Clevez Newsome, there is insufficient evidence that these children were dependent upon Deceased Employee for their financial support. The minor children Jeforest Matthew Newsome and Raylgin Clevez Newsome have been receiving welfare benefits their entire lives, based upon the determination by the Pitt County Department of Social Services that their father provided no financial support to them. Further, there is insufficient evidence that Deceased Employee either acknowledged, directly or indirectly, that the minor children Jeforest Matthew Newsome and Raylgin Clevez Newsome were his children, or that he actually provided financial support to them.
7. No other persons were wholly or partially dependent upon Deceased Employee at the time of the June 14, 2005 work accident resulting in his death, and therefore, Plaintiff *Page 12 
Widow, Deceased Employee's surviving widow, is determined to be the sole beneficiary of Deceased Employee.
 ***********
Based upon the foregoing stipulations, findings of fact, and conclusions of law, the Full Commission makes the following:
 AWARD
1. Plaintiff Widow's claim for workers' compensation death benefits as a result of Deceased Employee's June 14, 2005 work accident resulting in his death is hereby GRANTED.
2. As Deceased Employee's surviving spouse, Plaintiff Widow is conclusively presumed to be a whole dependent of Deceased Employee, and is entitled to 400 weeks of compensation at Deceased Employee's compensation rate of $295.52, subject to a credit for any workers' compensation death benefits that may have been previously paid by Defendants.
3. An attorney's fee in the amount of 25 percent of the compensation awarded in paragraph number two (2), above is hereby approved for Plaintiff Widow's counsel. Defendants shall deduct and pay directly to Plaintiff Widow's counsel a lump sum from the accrued compensation owed, and shall thereafter pay Plaintiff Widow's counsel every fourth (4th) check.
4. Defendants shall pay the costs of these proceedings.
This the __ day of December 2009. *Page 13 
 S/__________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
 S/__________ LAURA KRANIFELD MAVRETIC COMMISSIONER
 S/__________ DANNY LEE McDONALD COMMISSIONER *Page 1